## MATTHEWS v. NEFSY.

MORTGAGES—ASSIGNMENT—EVIDENCE—DESCRIPTION OF MORTGAGE AS-
SIGNED—ASSIGNMENT BY OFFICER OF CORPORATION—DELIVERY OF
NOTES AND MORTGAGE TO ASSIGNEE BY COMPANY AS RATIFICATION
OF OFFICER'S ACT—FORECLOSURE—SHERIFF'S DEED—PRESUMPTION OF
REGULARITY OF SALE ON COLLATERAL ATTACK IN ACTION AT LAW—
TAXATION — TAX DEED — NOTICE OF EXPIRATION OF REDEMPTION
PERIOD—SUFFICIENCY.

1. A mortgage is sufficiently identified in an assignment thereof
which gives the names of the mortgagors and mortgagee,
and the book and pages of the record where it is recorded.

2. An assignment of a mortgage signed in the name of a cor-
poration mortgagee by the treasurer thereof, and bearing
the company seal, was admissible in evidence without direct
proof of the treasurer's authority, where it appeared by the
testimony that the assignee had the notes and mortgage in
her possession.

3. The notes and mortgage having been delivered to the as-
signee by the company would tend to show that the treas-
urer was authorized to make the assignment, and would
amount to a ratification of his act in so doing, if it was
done without previous authority from the company.

4. Where a foreclosure sale is made under a power contained in
a mortgage or trust deed, and a deed has been made to the
purchaser at such sale by the trustee, or by the sheriff, it
will be presumed on collateral attack in an action at law
that the requirements of the mortgage and of the statute as
to notice have been complied with, and that the proceedings
were regular; and evidence other than the deed and its
recitals is unnecessary to show the legal title in the pur-
chaser.

5. The sheriff's deed containing recitals showing that the sale
was made pursuant to the power of sale contained in the
mortgage, that due and legal notice of the sale was given,
and setting out in detail the contents of the notice, the man-
ner of its publication, and when, where and how the sale
was conducted; and the affidavits of the publisher in whose
newspaper the notice of sale was published, and of the
sheriff who conducted the sale, which had been recorded,
as permitted by statute, to perpetuate the evidence of the
sale, and was introduced in evidence, showing that the
notice was signed by the attorneys for the assignee of the

.mortgage as well as by the mortgagee, and containing no affirmative showing that the sale was not properly advertised and regularly conducted; *Held,* that the evidence showed title in the plaintiff, who had purchased at the foreclosure sale; the defendants having offered no evidence of want of due notice or of any irregularities which would render the sale void, even if such evidence would be proper in an action of ejectment.

6. Under the former statute requiring, as a condition precedent to the execution and delivery of a tax deed, a notice of the expiration of the redemption period to be served, or, in certain cases, published at least three months before the expiration of the time for redemption, a notice dated July 30, 1898, where the time for redemption expired August 29, 1898, and served on the last day for redemption, was insufficient to confer authority upon the treasurer to execute a tax deed.

7. A tax deed purporting to convey lot 1, block 29, in the town of the City of Sundance, did not vest any title in the grantee to lot 1, block 29, of Bowman's Addition to Sundance, the property in controversy; it appearing that in the assessment and tax rolls there was mentioned a lot 1, block 29, in the town of Sundance, and Bowman's addition to the town did not appear in any of the tax proceedings prior to the deed, and the treasurer's certificate of the sale apparently described the property sold as in Kimm's addition.

[Decided July 5, 1905.]                    (81 Pac., 305.)

ERROR to the District Court, Crook County, HON. JOSEPH L. STOTTS, Judge.

Action to recover possession of certain real estate situated in Crook County. Plaintiff claimed under a sheriff's deed upon foreclosure of a mortgage. Defendant claimed under a tax deed. The material facts are stated in the opinion.

*Nichols & Adams* and *Van Cise & Grant,* for plaintiff in error.

The reservation of a ruling upon the admission of evidence is not approved by the courts. (Sharp v. Lumley, 34 Cal., 611; Mayo v. Mazeaux, 38 Cal., 442; Thurber v.

Miller, 14 S. Dak., 352.) Where both parties claim title in ejectment from the same source, each party is estopped from denying that the title resided in such source. Hecht v. Boughton, 2 Wyo., 385.) The statute of limitations is a personal plea available only to the contracting party, who may waive or assert it at his pleasure. (Sanger v. Nightingale, 122 U. S., 176; Blair v. Mines, 84 Fed., 740; Fish v. Farwell, 160 Ill., 242; Hellman v. Kienc, 73 Ia., 750; Gault v. Trust Co., 100 Ky., 583; Ward v. Waterman (Cal.), 24 Pac., 930; Ordway v. Cowles (Kan.), 25 Pac., 862; Mills v. Sloan (Neb.), 68 N. W., 1040; Plummer v. Rohman (Neb.), 84 N. W., 600.) The statute does not destroy the debt, but prevents a remedy by action only. (R. S. 1899, Sec. 3450.) Foreclosure by advertisement is not an action, but a proceeding, and upon this there is no limitation, but a clear implication in the statute that none is intended. (R. S. 1899, Secs. 2778, 2794.) Hence, though the statute of limitations may have run against the debt, there may be foreclosure by advertisement. (Hays v. Frey, 54 Wis., 503; Golcher v. Brisbin, 20 Minn., 407; Shephard v. Ireland, 36 Tex., 655; Goldfrank v. Young, 64 Tex., 432; Fievel v. Zuber, 67 Tex., 275; Wyman v. Babcock, Fed. Cases, No. 18, 113; Babcock v. Wyman, 19 How., 289.)

The language of the mortgage sufficiently confers a power of sale. (Male v. Longstaff, 9 S. Dak., 389.) No particular form is necessary to confer a power of sale, but the power should be expressed in plain terms, though it may arise by implication as where a duty is imposed upon a trustee which he cannot perform without selling. (2 Perry on Trusts, Secs. 602, 766; Wilson v. Troup, 2 Cow., 195; Williams v. Otey (Tenn.), 8 Humph., 563; Hymer v. Devereux, 63 N. C., 624; Stoll v. Cincinnati, 16 O. St., 166; Richard v. Williams, 18 How., 143; Meakings v. Cromwell, 5 N. Y., 136; Rankin v. Rankin, 36 Ill., 293; Fluke v. Executors, 16 N. J. Eq., 478; Craig v. Craig et al., 3. Barb. Ch., 76; Winston v. Jones, 6 Ala., 550; Bank

v. Ross, 11 Allen, 443; Goodrich v. Proctor, 1 Gray, 576; Prudie v. Whitney, 20 Pick., 25.) The death or insanity of the mortgagor will not annul the power of sale or suspend its exercise. (Reilly v. Phillips, 4 S. Dak., 604; Grandin v. Emmons, 10 N. Dak., 223; White v. Stephens, 77 Mo., 452; Batie v. Butler, 21 Mo., 313; Jones v. Taniter, 15 Minn., 423; Hudgins v. Morrow, 47 Ark., 515; More v. Calkins, 95 Cal., 435; Sulp, &c., Co. v. Thompson, 92 Va., 293; Connors v. Holland, 113 Mass., 50; Varnum v. Meserve, 8 Allen, 158; Berger v. Bennett, 1 Caines' Cas., 1; Berry v. Skinner, 30 Ind., 567; Lundberg v. Davidson, 68 Minn., 328; Same v. Same, 72 Minn., 49; Van Meter v. Darrah (Mo.), 22 S. W., 30.)

The treasurer or cashier of a trading or loaning corporation is presumed to have control of notes and mortgages belonging to it, and authority to sell and assign the same. (Corcoran v. Cattle Co., 151 Mass., 74; Loan Co. v. Rockland Co., 94 Fed., 335; Credit Co. v. Mach. Co., 54 Conn., 357; Perkins v. Bradley, 24 Vt., 66; Fay v. Noble, 12 Cush., 1; Bank v. Wheeler, 21 Ind., 90; Folger v. Chase, 18 Pick., 53; Bank v. Silk Co., 3 Metc., 282; Houghton v. Bank, 26 Wis., 663; Bank v. Bank, 14 N. Y., 633; 16 N. Y., 125; Bank v. Bank, 29 N. Y., 619; Banking Assn. v. White L. Co., 35 N. Y., 505.) That the instrument is executed in the name of the company and under its seal is a further presumption of authority. (Carr v. Loan Co., 33 S. E., 190; S. T. & T. Co. v. Bank, 52 N. E., 52; Thayer v. Mill Co., 51 Pac., 202; Chilton v. Brooks, 71 Md., 445; Morse v. Beale, 68 Ia., 463.) Delivery of the instruments assigned was a ratification of the agent's authority, if any were needed. (Burrill v. Bank, 2 Metc., 163.) In any event the defendant cannot question the authority of the treasurer to make the assignment, neither of the parties thereto nor the mortgagor offering any objection to the same. (Campbell v. Min. Co., 51 Fed., 1; Beels v. Park Assn., 74 N. W., 581; 7 Thompson on Corp., Sec. 8326; Head v. Horn, 18 Cal., 211.) The description of the mort-

gage in the assignment is sufficient, since it gives the names of the mortgagor and mortgagee, the book and page of the record where the mortgage was recorded. The assignment of a mortgage may be quite informal, yet if it identifies the instrument assigned, it will be sufficient. (Carli v. Taylor, 15 Minn., 131; Martinez v. Lindsey, 8 So., 787; Johnson v. Beard, 9 So., 535; Salvage v. Haydock, 44 Atl., 696; Thompson v. Brown, 10 S. Dak., 344; Morrison v. Mendenhall, 18 Minn., 232; Chilton v. Brooks, 71 Md., 445.) An objection to the proof of publication of the notice of sale, that the affidavit should have been made, not by the publisher, but by the proprietor or manager, cannot be raised in ejectment as a collateral attack upon the sale, and, moreover, the publisher is necessarily in the employ of the proprietor or manager knowing the facts, and, therefore, comes within Section 2792, Revised Statutes, 1899. (Pennoyer v. Neff, 95 U. S., 714; Cooper v. Reynolds, 10 Wall., 308.)

The word "trustee" following the name of the grantee in the sheriff's deed is merely *descriptio personae* and surplusage. (Rua v. Watson, 13 S. Dak., 454; Brewster v. Syme, 42 Cal., 139; Greig v. Clement, 20 Colo., 167; U. S. v. Abell, 76 N. Y. Supp., 692; Jerowski v. Marco, 34 S. E., 386; Hart v. Seymour, 35 N. E., 246; Den v. Hay, 21 N. J. L., 174; Winter v. Stack, 29 Cal., 408; Towar v. Hale, 46 Barb., 361; Gille v. Hunt, 29 N. W., 2.) It matters not to the defendant in any event whether the grantee is a trustee or not; that is a matter concerning only the beneficiary, if there be one. He is the holder of the legal title and the real party in interest, and entitled to sue in his own name. (Bolln v. Metcalf, 6 Wyo., 1; R. S. 1899, Secs. 3467, 3469; Considerant v. Brisbane, 22 N. Y., 389; Brick Co. v. Cook, 44 Mo., 29; Winters v. Rush, 34 Cal., 136; Weaver v. Trustees, 28 Ind., 112; Village of Kent v. Dana, 100 Fed., 56; Levy v. Cunningham, 56 Neb., 348; Meeker v. Waldron, 87 N. W., 539; Lewis v. Railway, 5 S. Dak., 148; Hudson v. Archer, 4 S. Dak., 128.)

The court erred in granting affirmative relief to defendants in the absence of a counter claim or pleading in equity, or even a prayer for such relief. (R. S. 1899, Secs. 3543, 3553, 3770, 4106-7, 4111-12; Anderson v. Rasmussen, 5 Wyo., 44; Pomeroy's Rem., Sec. 748.) A party claiming under a tax title must affirmatively show everything essential to the validity of the tax and sale. (Stout v. Mastin, 139 U. S., 151; Hecht v. Boughton; 2 Wyo., 385; Norris v. Hall (Mich.), 82 N. W., 832.) A tax sale of property that is misdescribed or not described in the assessment roll is invalid and will pass no title to the purchaser. (Black on Tax Titles, Sec. 112; Stout v. Mastin, *supra;* Bird v. Benlisa, 142 U. S., 664; Curtis v. Supervisors, 22 Wis., 167; Murphy v. Hill (Wis.), 31 N. W., 754; Keith v. Hayden, 26 Minn., 212; Kern v. Clarke (Minn.), 60 N. W., 809; Power v. Larrabee, 2 N. Dak., 141; Power v. Bowdle, 3 N. Dak., 107; Turner v. Hand Co., 11 S. Dak., 348; Van Cise v. Carter, 9 S. Dak., 234; People v. Purviance, 12 Ill. App., 216; Tallman v. White, 2 N. Y., 66; Keene v. Cannovan, 21 Cal., 290; Weeks v. Waldron (N. H.), 5 Atl., 660; Campbell v. Packard, 61 Wis., 88; Cooley on Taxation, pp. 282-5.) The property is valued at "400," without any designation of dollars or cents at the head of the column, which we think is insufficient. The lots are valued in gross and not separately. The tax of 1894 is carried out upon the tax list on a gross valuation of real estate and personal property. In 1895 this is attempted to be limited arbitrarily in red ink and pencil. The valuation of the lots in gross was a violation of the letter and spirit of the law, as they are not contiguous. (R. S. 1887, Sec. 3806; Black on Tax Titles, Sec. 102.) The delinquent tax list prescribed by statute must follow the previous list and show compliance with conditions precedent to a tax sale. (R. S. 1887, Sec. 3820; Black on Tax Titles, Sec. 199.) The property is misdescribed in the tax proceeding, which must be fatal to the tax sale, and the other defects mentioned render the sale

invalid.    (Cooley on Taxation, 344; Black on Tax Titles, Secs. 289, 260; Hecht v. Boughton, *supra;* 25 Ency. Law, 387; Lobban v. State, 9 Wyo., 377; Miller v. Spink Co. (S. Dak.), 47 N. W., 957.)    The notice of the expiration of the period for redemption was insufficient.    (State v. Hundhausen, 24 Wis., 196; Curtis v. Morrow, id., 664; Curtis v. Whitney, 13 Wall., 68; Coulter v. Stafford, 56 Fed., 566; Oullahan v. Sweeney, 79 Cal., 539; Herrick v. Niesz, 16 Wash., 78; R. S. 1899, Sec. 1895; 25 Ency. Law, 427-8; Black on Tax Titles, Sec. 339; 25 N. W., 142; 59 id., 202; 13 id., 849; 15 S. Dak., 271.)    The notice is a jurisdictional requirement.

*E. E. Enterline* and *H. A. Alden,* for defendant in error.

It is a universal rule in actions of ejectment that the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary.    The notice of foreclosure sale should have been given by the assignee of the mortgage and not by the sheriff.    (R. S. 1899, Sec. 2779.)    The sale must be made at the front door of the court house within the county in which the premises to be sold are situated.    The notice in this case sets forth that the property will be sold at the court house door, which was insufficient.    The notice does not state when the mortgage was recorded, but merely when it was filed for record, and the notice should have stated when the recording took place.    (R. S. 1899, Sec. 278.)    Such provisions are mandatory.    (Clifford v. Tomilson, 62 Minn., 195.)    The affidavits filed to perpetuate the evidence of the sale under the statute are insufficient for the following reasons:    The notary did not set forth the date of the expiration of his commission; it is not shown that the newspaper was printed in the county; nor was it shown whether the sale took place between the hours of the day prescribed by statute.    (Hollis v. Hollis, 84 Me., 96; R. S. 1899, Sec. 2782.)    The affidavit was not made by the proprietor of the newspaper, but by the publisher, which was insufficient.

If the notice was published for seven consecutive weeks, this was not a compliance with the statute and the proceedings were, therefore, void. (State v. Noid, 73 Minn.; Wisner v. Chamberlain, 117 Ill., 568; Benefiel v. Albert, 132 Ill., 665.)   As to the insufficiency of notice. (Dunning v. McDonald (Minn.), 55 N. W., 864; Peaslee v. Ridgway, 84 id., 1024; Green v. Stevenson (Tenn.), 54 S. W., 1011.)   Even if error was committed by the trial court in granting affirmative relief to the defendant, a reversal of the judgment would not necessarily follow; but the appellate court may proceed to render such judgment as the court below should have rendered or may remand the case for the entry of such judgment. (R. S. 1899, Secs. 4247, 4249, 4265.)

*Nichols & Adams* and *Van Cise & Grant,* for plaintiff in error, in reply.

The sheriff's deed upon the foreclosure of the mortgage established plaintiff's title without further evidence. The deed contains every requirement of the statute. The statutory provision for a recital of the foreclosure proceedings in the deed means something, and such recitals taken together with the maxim that every public officer is presumed to do his duty, gave to such an instrument the force of *prima facie* evidence of all the facts therein recited. This is the law, however, in the absence of any statute or of provisions in the mortgage declaring the force or effect of such conveyance or sale. The rule might be different in a suit in equity between the parties to the mortgage themselves, but in an action at law no evidence outside of the deed is necessary. (2 Jones on Mort., Secs. 1830, 1895; Carico v. Kling, 11 Colo. App., 349; Ensley v. Page, 13 Colo. App., 452; Tartt v. Clayton, 109 Ill., 579; Beal v. Blair, 33 Ia., 318; Ingle v. Jones et al., 43 Ia., 286; Sav. & Loan Soc. v. Deering, 66 Cal., 281; Burke v. Adair, 23 W. Va., 139.)   The recording of affidavits to perpetuate the evidence of the foreclosure is directory, and they are

only important where the sale is attacked in a direct pro-
ceeding by the mortgagor or those claiming under him,
and witnesses are dead or lost.   In such a case parol evi-
dence may be used to prove the sale or supply defects in
the affidavits.   (2 Pingrey on Mort., Sec. 1396;  Field v.
Gooding, 106 Mass., 310;  Burns v. Thayer, 115 Mass.,
89;  Learned v. Foster, 117 Mass., 365;  Howard v. Hatch,
29 Barb., 297;  Osborn v. Merwin, 12 Hun, 332;  Mowry
v. Sanborn, 68 N. Y., 153;  Golcher v. Brisbin, 20 Minn.,
453;  Lee v. Clary, 38 Mich., 223.)   By treating the af-
fidavits as in the case, they would only be assailable so far
as irregularities appear, if coupled with an offer to redeem
in an action brought within a reasonable time.   In this case
they are only material if they contradict recitals in the deed
and show the officer was without jurisdiction to make the
sale.   There is no such contradiction.   The notice as to the
place of sale, namely, "at the court house door," was suf-
ficient.   (2 Pingrey on Mort., Sec. 1363;  Hickey v.
Behrens, 75 Tex., 488;  Gregory v. Clark, 75 Ill., 485;
Alden v. Goldie, 82 Ill., 581;  Hambright v. Brockman, 59
Mo., 52.)   The date of filing is the date of record.   (24
Ency. Law, 97.)   The mortgagor cannot object because
the publication gives a longer notice than the law required.
He is not injured, but presumptively benefited.   (Tooke v.
Newman, 75 Ill., 215;  Atkinson v. Duffy, 16 Minn., 45;
Beal v. Blair, 33 Ia., 318;  Vizaid v. Moody (Ga.), 47 S.
E., 348;  2 Jones on Mort., Sec. 1838.)   But the sheriff de-
poses to a publication of six weeks, though the affidavit of
the publisher shows seven weeks;  the recital in the deed
is, however, controlling, and publication is there certified
to have been made for six consecutive weeks.   No objection
upon this was made in the court below, where the clerical
error could have easily been explained.   A mistake in an
affidavit can be explained, or an omission, by oral testimony.
(Freas v. Jones, 15 N. J. L., 20;  Scudder v. Scudder, 10
N. J. L., 403;  Schoolcraft v. Thompson, 7 How. Pr., 446.)
An advertisement for foreclosure sale is good though not

signed by either mortgagee or assignee, but simply by an officer, attorney or agent.   (28 Ency. Law (2d Ed.), 789; Fitzpatrick v. Fitzpatrick, 6 R. I., 64; Inst. v. Worsted Co., 13 R. I., 255; Colgate v. McNamara, 16 R. I., 554; Munson v. Ensor, 94 Mo., 504; Manard v. Crowe, 20 Minn., 448; Dunton v. Sharpe, 12 So., 800; Ins. Co. v. Soule, 51 Mich., 312.)   As the sheriff is authorized to make the sale, why may he not sign the notice of sale as much so as in cases of executions?   Irregularities in a foreclosure sale do not render the sale void, but only voidable where serious enough, at the suit of the mortgagor, brought in due season and coupled with an offer to do equity.   (Bacon v. Ins. Co., 131 U. S., 258; Rading v. Waterman, 46 Mich., 107; Jenkins v. Daniel (N. C.), 34 S. E., 239; Lee v. Clary, 38 Mich., 223; Brown v. Burney (Mich.), 87 N. W., 221; McCardia v. Billings (N. D.), 87 N. W., 1008; Baker v. Cunningham (Mo.), 62 S. W., 445; Inv. Co. v. Shephard, 8 S. Dak., 332; Assn. v. Boston, 114 Mass., 133; Judd v. O'Brien, 21 N. Y., 186; Wilson v. Paige, 76 Me., 279; Candee v. Burke, 1 Hun, 546; Nau v. Brunette, 79 Wis., 664; Tyler v. Herning, 67 Miss., 160; Graham v. Fitts, 53 Miss., 307; Jones v. Sergeant, 45 Miss., 332; Maxwell v. Newton, 65 Wis., 261; Rice v. Brown, 77 Ill., 549; Quinn v. Perkins, 159 Ill., 572; Woodruff v. Adair (Ala.), 32 So., 515; Phelps v. Realty Co. (Minn.), 94 N. W., 1085.)

BEARD, JUSTICE.

The plaintiff in error, Joseph L. Matthews,, commenced this action in the District Court of Crook County, against the defendant in error, Ann Nefsy, alleging in his petition that he was the legal owner in fee simple and entitled to the immediate possession of lot 1, block 29, of Bowman's Addition to Sundance, Wyoming, and that the defendant, without right or title, unlawfully entered upon the premises and took possession thereof and has kept and still keeps plaintiff out of possession.   The answer of defendant "denies that the plaintiff has a legal estate in the premises de-

scribed in the petition, or is entitled to the possession thereof."

The case was tried to the court without a jury, and the court found generally for the defendant and entered judgment as follows: "It is, therefore, by the court considered and adjudged that the plaintiff take nothing by said action. It is further adjudged and decreed that the defendant's title to said property be settled and quieted so far as any claim which the plaintiff may have in this action against the same, said property being lot 1, in block 29, in Bowman's Addition to the Town of Sundance, Wyoming, and it is further ordered that the plaintiff pay the costs of this case."

A motion for a new trial was denied, exceptions taken and plaintiff brings error.

The plaintiff claims title and right to possession of the lot in question under a deed executed to him as the purchaser at a sale of the lot upon the foreclosure of a mortgage thereon. It is conceded that on January 2, 1893, one George Barton was the owner of the lot; and it appears that on that date he, joined by his wife, executed a mortgage upon it to the Bailey Loan Company to secure the sum of $300 evidenced by three notes of the same date and due January 1, 1896. The mortgage was acknowledged October 28, 1893, and filed for record November 1, 1893. Plaintiff introduced the mortgage in evidence and then offered an assignment of it by the mortgagee to Mary Dickinson. This assignment is signed, "The Bailey Loan Co., by H. N. Johnson, Treas.," and bears the seal of the company. The defendant objected to the offer for the reason that it did not show that Johnson, the treasurer of the company, was authorized to make the assignment and because it is not an assignment of the mortgage and note in controversy. The court reserved its ruling on this objection, to which both parties excepted; but there is nothing in the record from which we can ascertain how the court ruled upon the point; but it does not appear, however, that the assignment was read in

evidence. The assignment describes the mortgage assigned by giving the names of the mortgagors and mortgagee and the book and pages of the record where it is recorded. This was sufficient identification of it. It appears from the testimony of the plaintiff that he knew about the note and mortgage back to the time of the assignment to Mrs. Dickinson, and that he had personal knowledge that she had them in her possession. This testimony is not contradicted. The notes and mortgage having been delivered to her by the company would tend to show that Johnson was authorized to make the assignment, and would amount to a ratification of his act in so doing, if it was done without previous authority from the company. We think the court erred in holding the assignment void, if it did so hold. The mortgage was afterwards assigned by Mrs. Dickinson to plaintiff—both assignments being recorded—and it was foreclosed by advertisement and sale of the lot August 16, 1902, the sheriff of Crook County conducting the sale, the plaintiff became the purchaser, and on the same day the sheriff executed to plaintiff a deed for the lot in pursuance of such sale, which deed was duly recorded and is the source of plaintiff's title, if any he has. This deed was introduced in evidence; but counsel for defendant contend that it was insufficient to show title in the plaintiff, and that it was incumbent upon plaintiff to prove the regularity of each step in the foreclosure proceedings and to show a strict compliance with all statutory requirements as to notice of sale, the manner of its publication, and that the sale was conducted in strict accordance with the direction of the statute; and they claim, among other alleged irregularities, that the notice was signed by the sheriff, that it was not shown to have been published in a newspaper "printed" in Crook County or in the State of Wyoming, and several other objections of a similar character.

We do not agree with counsel in this contention. This is an action in ejectment and the legal title is all that is in issue. The mortgage contains a provision for foreclosure

by notice and sale of the property, and the deed of the sheriff recites that the sale was made in pursuance of this power, and that due and legal notice of the sale was given, and sets out in detail the contents of the notice, the manner of its publication and when, where and how the sale was conducted; and conveys the legal title to the lot to plaintiff, the recitals in the deed showing compliance with the terms of the mortgage and the requirements of the statute. Where a sale is made under a power contained in a mortgage or trust deed, and a deed has been made to the purchaser at such sale by the trustee, or, as in this case, by the sheriff, it will be presumed upon collateral attack in an action at law that the requirements of the mortgage and of the statute as to notice have been complied with and that the proceedings were regular; and that evidence, other than the deed and its recitals, is unnecessary to show the legal title in the plaintiff. In 2 Jones on Mortgages (6th Ed.), Sec. 1830, the law is stated as follows: "When the validity of a sale under a power is questioned, on the ground that the advertisement of the sale was not made in pursuance of the deed, the better opinion is that in an action at law it will be presumed, after the execution of a deed under the power of sale to the purchaser, that all the terms of the power and all requirements as to notice have been complied with. Certainly, in an action of ejectment by the purchaser against the grantor or other person in possession, no evidence aside from the deed to such purchaser and the recitals in it is necessary to show title and right of possession in the plaintiff. It would seem, moreover, that the defendant would not be permitted to prove that notice of sale was not given under the power, because the deed would confer upon the purchaser the legal title to the land."

In Windett v. Hurlbut, 115 Ill., 403, the action was forcible entry and detainer by a purchaser at a sale by a trustee, pursuant to the power in a deed of trust. The court says: "Appellee gave in evidence, upon the trial in the Superior Court, among other things, the deed of trust,

and the deed by the trustee to himself. Appellant, in defense, offered parol evidence to prove that the trustee in fact made no sale, that appellee had paid nothing for the property, and that it was worth $30,000, and constituted appellant's homestead; but the court held the evidence inadmissible, and refused to hear it—and this is the first and principal error for which it is contended the judgment below should be reversed. Very clearly the ruling was right. This is not a suit in equity to set aside the trustee's deed, but an action at law, in which legal, as contradistinguished from equitable, principles must control." Lunsford v. Speaks, 112 N. C., 608; Savings & Loan Society v. Deering, 66 Cal., 281; Fulton v. Johnson, 24 W. Va., 95, are to the same effect.

Plaintiff also offered in evidence the recorded affidavits of the publisher of the newspaper in which the notice of sale was published and of the sheriff who conducted the sale, being the record to perpetuate the evidence of the sale, and we find nothing in this evidence which shows affirmatively that the sale was not properly advertised and regularly conducted. A copy of the notice is contained in this evidence, and it shows that it was signed by the attorneys for the assignee of the mortgage as well as by the sheriff. The defendant offered no evidence whatever to show that due notice of the sale had not been given or that there were any irregularities in the proceedings which would render the sale void, if indeed she should be permitted to do so in this action. We think the evidence showed title in the plaintiff and his right to possession unless the defendant showed as good or better title in herself. At the time of the commencement of the action she was in possession of the lot claiming the title under a tax deed, dated October 31, 1898. This deed was introduced in evidence by the defendant and recites that it was made in pursuance of a tax sale held August 29, 1896, for the taxes of 1894 and 1895. Attached to the deed is a notice of the expiration of the time for redemption from tax sale, dated July 30, 1898, and addressed

to George Barton, the owner, and to Bert Wade, the person in possession, notifying them that the time for redemption from the tax sale would expire August 29, 1898. Service of this notice was accepted by Barton and Wade August 29, 1898, the last day for redemption. Under the statute in force at that time (Sec. 1895, R. S. 1899), such notice was required to be served at least three months before the expiration of the time for redemption. It is, therefore, apparent that the notice in this instance did not confer any authority upon the treasurer to execute the deed. Since that time, however, the statute has been amended permitting notice to be given after the period for redemption has expired. (Ch. 16, Session Laws 1901.)

There is another reason why this deed did not vest in defendant any title to the lot in controversy. That is that the deed upon its face does not purport to convey that lot. Both the tax deed and the notice of expiration of the time for redemption describe the property as lot 1, block 29, in the town of the City of Sundance. Nowhere in the tax proceedings does Bowman's Addition to the Town of Sundance appear. In the assessment and tax rolls there is a lot 1, block 29, in the Town of Sundance, and in the treasurer's certificate of tax sale it is lot 1, block 29, apparently in Kimm's addition.

For the reasons above stated, we think the District Court erred in finding for the defendant. Counsel for defendant concede that it was error to grant defendant affirmative relief under the pleadings. The judgment of the District Court is reversed and the case remanded for a new trial.

*Reversed and remanded.*

POTTER, C. J., concurs.

VAN ORSDEL, J., did not sit.