SMITH v. DAVIS.

4-5945                                                 140 S. W. 2d 126

Opinion delivered May 6, 1940.

*Marsh & Marsh,* for appellant.

*Surrey E. Gilliam,* for appellee.

HUMPHREYS, J. On February 27, 1908, Alice Moses, a Negress, bought the following described real estate in Union county, Arkansas, from C. P. McHenry, to-wit:

"Beginning at the NW corner of SW¼ of NE¼ of section 33, township 17, south, range 15 west, and run thence south 220 feet, for starting point. Thence south 100 feet, thence east 91 feet, thence south 100 feet, thence east 106 feet, thence north 100 feet, thence west 53 feet, thence north 100 feet, and thence west 144 feet to place of starting."

In the deed attempting to convey said land to her same was described as follows: "Lot 3, block 3, in the north part of the southwest of the northeast section 33, township 17 south, range 15."

Soon after purchasing the land she entered into possession of same, inclosed it with a fence and built a four-room house on it in which she lived until she died in June, 1936. Some time before she died she built another small house on same. When she completed the improvements on the property it was worth about $800, but it was not kept in repair and at the time she died the houses were in bad condition.

Alice Moses was the wife of Lige Moses who died in 1921. In 1930, she married Bob Davis, one of the appellees in this case. No children were born to Alice by either marriage. She left, however, some nephews and

nieces who inherited said real estate subject of course to the dower right of Bob Davis. Appellant bought the interest of the other heirs in said real estate subject to the dower rights of Bob Davis, who continued to reside upon the property after Alice died and still resides thereon.

On March 12, 1937, Charlie Turner, who is the son-in-law of Bob Davis, obtained a tax deed from the State of Arkansas purporting to convey to him the following described land in said county, to-wit: "North pt. NW¼ W½ NE¼ N½ SE¼ lot 3, block 3, McHenry Addition or Subdivision."

A few days after obtaining the tax deed, by and with the consent of Bob Davis, Charlie Turner moved into the four-room house and Bob Davis moved into the small one and together they occupied the property until this suit was brought by appellant to cancel the tax deed and for the appointment of commissioners to assign to Bob Davis one-half of the land for his life and that she be adjudged to be the owner and entitled to the immediate possession of the other half. At the time he moved into the four-room house, both houses were in a bad state of repair and were leaking badly. Charlie Turner purchased some materials and made some improvements on the property, but made no substantial improvements until late in the summer or fall of 1939, and made the substantial improvements over the protest of appellant.

Appellees filed an answer to the complaint denying that appellant was the owner thereof and denying the invalidity of the tax deed, and Charlie Turner filed a cross-complaint stating that, if the court should declare the tax title void, he be allowed a total sum of $905.76, the amount he had expended on the property for taxes and improvements, praying that a lien be declared upon the land for the payment of same.

Appellant filed an answer to the cross-complaint denying that Charlie Turner was entitled to a lien against the land for taxes and improvements made by him.

The cause was submitted to the court upon the pleadings, exhibits and testimony, resulting in a decree that appellant was the owner of the land subject to the dower right of Bob Davis; that the tax title was invalid, but that Charlie Turner was entitled to the amount claimed for taxes and improvements less rent at the rate of $10 per month and postponed appellant's right to the possession or division thereof until the judgment was paid and refused to appoint commissioners to assign dower to Bob Davis.

Appellant appealed from that part of the decree or judgment allowing Turner for taxes and improvements and refusing to appoint commissioners to assign dower to Bob Davis and denying her possession of the other half of said land.

Appellee, Charlie Turner, prayed a cross-appeal from the court's decree insofar as it charged him with the rental value of the property. The case, therefore, is here on appeal for a trial *de novo*.

The trial court found from the evidence before it that Alice Moses Davis, from whom appellant and her brothers and sisters inherited the land, acquired the land in controversy by virtue of peaceable, open, notorious, adverse possession which began soon after the execution of the deed to her on February 27, 1908, from C. P. McHenry which failed to definitely describe the property intended to be conveyed to her. Appellant, of course, concedes that the court's finding and decree in this particular was correct and appellee does not contend otherwise so it is unnecessary for us to set out the evidence in the record upon that issue.

Appellee also concedes that the tax deed he acquired from the state of Arkansas is invalid by reason of the uncertain description therein contained and further concedes that the court's decree canceling the tax deed for such uncertainty of description was correct.

Appellee argues that notwithstanding the fact that the tax deed he obtained was not color of title and that the court correctly canceled same on account of the indefinite and uncertain description therein yet he was

entitled to the judgment for improvements under § 13884 of Pope's Digest, reading as follows, to-wit: "No purchaser of any land, town or city lot, nor any person claiming under him, shall be entitled to any compensation for any improvement which he shall make on such land, town or city lot, within two years from and after the sale thereof; for improvements made after two years from the date of sale the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon said land."

It is true that under the statute aforesaid it was ruled by this court in the case of *Wilkins* v. *Maggard*, 190 Ark. 532, 79 S. W. 2d 1003, that Mrs. Maggard, who purchased certain land from one Tapley who obtained a tax title thereto from the state under an uncertain and indefinite description which did not amount to a color of title, was entitled to a refund for the improvements made by her thereon after two years from the date of the sale thereof, but we do not think, under the record in this case that Charlie Turner was a *bona fide* purchaser of the tax title from the State of Arkansas. At the time he obtained the tax deed from the state his father-in-law was in possession of the land in controversy and was a life tenant of all of it until his dower interest should be laid off to him. It was his father-in-law's duty under § 13808 of Pope's Digest to have paid the taxes or to have redeemed same in case of a forfeiture to the state because he was the surviving husband of Alice Moses Davis. Section 13808 of Pope's Digest is, in part, as follows: "Every person shall be liable to pay taxes for the lands, town or city lots of which he may stand seized for life by courtesy, in dower, or by the husband in right of his wife, etc."

Bob Davis told appellant that he had paid the taxes. She so testified and he did not deny telling her that he had paid them. The record reflects that only a few days after Turner obtained this tax title he was permitted by Bob Davis, the life tenant, to move into the four-room house he was occupying and he, Bob Davis, moved into the two-room house to accommodate Turner. The

record shows that they were closely related, so we have concluded that on account of the relationship and the acts and conduct of the two Charlie Turner's purchase from the state was in fact a redemption of the land from the void forfeiture and sale of same.

The statute invoked by appellee and construed in the case of *Wilkins* v. *Maggard, supra,* has no application to one who has redeemed tax forfeited lands from the state and, hence, Charlie Turner is not protected by the terms of the statute. Not being entitled to betterments or improvements placed upon the property by him while he was residing there with his father-in-law, it is unnecessary to set out the evidence as to the improvements he made or the value thereof. Of course his father-in-law had a right to allow him to live on the place without demanding any rent from him, so it is unnecessary to decide whether the court allowed too much or too little as an off-set against the improvements for which he rendered judgment. Under the circumstances the court should not have allowed anything or rendered any judgment against appellant for improvements made by Charlie Turner and should not have off-set the amount of improvements on account of rentals.

The decree is affirmed insofar as it quieted the title to the property in appellant subject to the dower rights of Bob Davis and in canceling Turner's tax deed, but is reversed in all other respects and the cause is remanded with directions to the court to appoint commissioners to assign dower to Bob Davis and adjudge possession of the balance of the property after dower is assigned to appellant.