BILLINGSLEY *v.* LIPSCOMB.

4-8049

Opinion delivered January 27, 1947.

*D. H. Crawford,* for appellant.

*G. W. Lookadoo,* for appellee.

SMITH, J. Mrs. Lizzie Lipscomb was the admitted owner of a lot in the City of Gurdon, which she rented to G. E. Billingsley. She failed to pay the taxes due on the lot for the year 1936, and it was sold in 1937 to the State, and this sale was confirmed September 4, 1940, in a suit brought by the State for that purpose. The State sold and conveyed the lot to Billingsley by deed from its Land Commissioner, dated November 28, 1943, at which time Billingsley was in possession as the tenant of Mrs. Lipscomb, and since that time he has refused to pay rent and claims title under his deed from the State.

Mrs. Lipscomb brought this suit to cancel the State's deed to Billingsley and to recover unpaid rents. The facts just stated are undisputed. Billingsley, in his answer, alleged ownership of the lot under his deed from the State, and prayed that his title be quieted, or if not, that he have judgment for taxes paid and improvements made by him.

Mrs. Lipscomb attacked the confirmation decree, and alleged that the tax sale which it purported to confirm was void for the following reasons: (a) The notice of sale was not published for the length of time required by law; (b) The County Clerk's Certificate of Publication was not certified; (c) The delinquent list was not kept posted in the Clerk's office for a year.

Conceding the sufficiency of the proof to establish these defects in the sale, they do not suffice to nullify the confirmation decree as none of them relate to the power to sell for the taxes admittedly due and unpaid on the lot. Other defects in the sale were alleged, but no proof was offered to sustain those allegations.

The confirmation decree was rendered under and pursuant to the provisions of Act 119 of the Acts of 1935, p. 318. This act has been considered and construed in numerous cases which have resulted in holdings as follows: When the power to sell land for the non-payment

of the taxes due thereon did not exist, the sale is void, and the confirmation thereof may be collaterally attacked. If, however, the power to sell existed, but was defectively exercised, the defects may be and are cured by appropriate confirmation proceedings which are not attacked within the time, and in the manner provided by law. See *Stringer* v. *Fulton,* 208 Ark. 894, 188 S. W. 2d 129, and the earlier cases on the subject there cited. We hold, therefore, that the confirmation decree vested in the State the title formerly owned by Mrs. Lipscomb.

The court made no finding on this issue, but did find and decree that the deed from the Land Commissioner to Billingsley was void for the reason that at the time of its execution Billingsley was in possession of the lot conveyed, as the tenant of Mrs. Lipscomb. The court then proceeded to state an account as to betterments, etc., which finding is challenged by both Mrs. Lipscomb and Billingsley, but this finding need not be considered if Billingsley acquired title to the lot by his purchase from the State, notwithstanding his occupancy as tenant at the time of his purchase.

The cases of this and of all the courts uniformly hold, and they are beyond numbering, that a tenant in possession of land belonging to another cannot, while occupying the land, as tenant, acquire for his own benefit a title adverse to that of his landlord, without first surrendering possession. But Billingsley did not acquire an adverse title. He acquired the landlord's title which had vested in the State under the confirmation decree. It was expressly held in the early cases of *Bettison* v. *Budd,* 17 Ark. 546, and *Ferguson* v. *Etter,* 21 Ark. 160, that a tenant in possession, and while in possession, might acquire at a tax sale the title of his landlord.

These cases have never been overruled or qualified. There was a departure, more apparent than real, from this holding in the case of *Waggener* v. *McLaughlin,* 33 Ark. 195, where a tax deed to a tenant was canceled. But the tenant tax purchaser had, in that case, improperly availed himself of the provisions of §§ 172 and 173, Ch. 148 of Gould's Digest, which gave actual settlers upon

forfeited lands a preferential right to purchase. The court there said: ''But they (the tax purchasers) availed themselves of a possession which they held as tenants, as a basis to acquire title as actual settlers, which no one else under the circumstances could have acquired against them. They had no right to make use of a possession thus acquired, to found upon it a claim hostile to the landlord. If they had intended that, they should have restored possession, that the landlord might be free to contest the validity of the forfeiture to the State, and have the advantage of possession.''

That the court did not intend and did not in fact, overrule the earlier cases holding that a tenant might acquire his landlord's title through a tax sale is clearly shown by the opinion subsequently rendered in the case of *Pickett* v. *Ferguson,* 45 Ark. 177, where it was said: ''On the other hand, it is settled law in this state that a tenant, who is under no obligation to pay the taxes, may purchase at tax sale the lands of which he is in possession and may set up such title, and the sale, if otherwise valid, extinguishes the landlord's title and cuts off the lease. *Bettison* v. *Budd,* 17 Ark. 546; *Ferguson* v. *Etter,* 21 Id., 160.''

This holding in the case of *Pickett* v. *Ferguson* was reaffirmed in the recent case of *Ray* v. *Stroud,* 204 Ark. 583, 163 S. W. 2d 173, and the still later case of *Sims* v. *Petree,* 206 Ark. 1023, 178 S. W. 2d 1016 is to the same effect.

The case chiefly relied upon by appellee for affirmance of the decree from which is this appeal is that of *Casey* v. *Johnson,* 193 Ark. 177, 98 S. W. 2d 67, but there is no intimation in that opinion of any intention to overrule or impair the holdings in the earlier cases. The case of *Casey* v. *Johnson* is somewhat similar to the case of *Waggener* v. *McLaughlin, supra,* in that it was necessary for the tenant to use the possession which he had as a tenant to perfect his title as a donee and obtain the donation deed.

The decree of the court below will, therefore, be reversed and the cause will be remanded with directions

to dismiss the complaint and to quiet appellant's title as against appellee, inasmuch as it is not contended that appellant was under any obligation to pay the taxes for the non-payment of which the lot was sold to the State. *Hunt* v. *Gaines,* 33 Ark. 267.