WOODS *v.* WOODS.

4-9081                                     226 S. W. 2d 961

Opinion delivered February 13, 1950.

*Norton & Norton* and *O. H. Hargraves,* for appellant.

*Mann & McCulloch,* for appellee.

LEFLAR, J. In this action plaintiff as devisee under the will of Dr. Albert Woods sought to recover 40 acres of land near Colt, Ark., from defendant Burdette Woods who claims a superior title thereto. The Chancery Court found for defendant and plaintiff appeals.

Dr. Albert Woods left the Colt community in the early 1900s to practice medicine in Oklahoma. He was then without question the owner of the 40 acres now in litigation. He at that time arranged with his brother Wrightor to occupy the land, Wrightor to pay the taxes and keep up the improvements as rent. Wrightor's occupancy continued for a good many years, but in 1927 when Albert returned to the old home for the funeral of a sister Minnie he turned the land over to another brother, William, under the same arrangement as to rent. The testimony is uncontradicted that William agreed to pay the taxes and keep up the improvements in return for the use of the land.

Actually, the land had been forfeited to the State for unpaid taxes in 1921. William, despite his agreement, paid no taxes until 1936. In that year he bought in the State's tax title, having himself named as grantee in the tax deed. Thereafter he paid the taxes in his own name. Albert apparently knew nothing of this until William died early in 1945, or at least not until a short time before William's death. In the meantime William had on June 6, 1944, conveyed the 40 acres by deed to defendant Burdette Woods, who was in possession. William was living with Burdette on the land when William died. Albert himself died in December, 1946, leaving a will devising all his land to a daughter on whose behalf the present action is maintained. The facts thus far set out are proved by substantially uncontradicted testimony, and are practically admitted by both parties.

The plaintiff introduced testimony to show that William Woods, at the time he executed his deed to Burdette Woods in June, 1946, was mentally incompetent. The testimony on this point was sharply divergent, but we cannot say that the preponderance of the evidence was contrary to the Chancellor's finding that William was sane. We do not disturb the finding on that issue of fact.

Plaintiff also gave evidence that after William's death Burdette executed a rent note covering the 40 acres now in question, the rent note being in favor of

Wrighton (who testified he was acting as his brother Albert's agent) and that the transaction included an undertaking by Burdette to relinquish the 40 acres at the end of the term of the lease. Burdette denied that the rent note covered this 40 acres or that there was any undertaking by him to relinquish it. He said that the rent note covered other land only. Here again the chancellor found the facts in Burdette's favor, and we cannot say that the finding was against the preponderance of the evidence.

The remaining question in the case is one of law, as to whether under the facts here it was permissible for William to acquire the tax title for himself as against his landlord brother Albert.

It is well settled in Arkansas that a tenant who is not himself obligated to pay the taxes on the leased premises may buy in the tax title for himself and thus acquire a title good as against his landlord. *Sims* v. *Petree,* 206 Ark. 1023, 178 S. W. 2d 1016; *Billingsley* v. *Lipscomb,* 211 Ark. 45, 200 S. W. 2d 510; *Hill* v. *Barnard, ante,* p. 29, 224 S. W. 2d 31. Contrariwise, it is equally well settled that a tenant or other occupant who is under a duty to pay the taxes on the premises he occupies may not by failing to pay them permit a tax sale and buy in the land for his own benefit. If he does purchase the tax title under such circumstances, his purchase is deemed to be in the nature of a redemption for the benefit of those to whom he owed the duty to pay the taxes. *Hunt* v. *Gaines,* 33 Ark. 267; *Zimmerman* v. *Franklin County Savings Bank & Trust Co.,* 194 Ark. 554, 108 S. W. 2d 1074; *Wright* v. *Davis,* 195 Ark. 292, 111 S. W. 2d 565; *Smith* v. *Davis,* 200 Ark. 547, 140 S. W. 2d 126.

The present case appears to fall in a middle ground between these two situations. The tenant William had undertaken to pay the taxes, but no taxes were due because the land had already been forfeited to the State for taxes that should have been paid in an earlier year. For eight years or more William took advantage of this situation, unknown to landlord Albert, and paid no taxes

at all. But in 1936 he paid the only thing in the nature of taxes that was due, the amount required to take up the State's tax title plus current taxes on the land. We believe that under the circumstances this payment was in furtherance of the duty to pay taxes that he owed to his landlord brother, and that the duty and relationship were such that William could not, as against his brother, acquire title to the land in this fashion. We hold that the redemption inured to Albert's benefit and that the beneficial title was in him.

William's deed to Burdette did not cut off Albert's title. It is not denied that Burdette took with knowledge of the essential facts, nor that the conveyance to Burdette was by way of gift merely. The title being still in Dr. Albert Woods at his death, it passed by his will to plaintiff his daughter.

The decree of the Chancery Court is reversed and the cause is remanded for further proceedings in accordance herewith.