JAMES ARKELL et al. Respondents *v.* THE COMMERCE INSURANCE COMPANY, Appellant.

The word "contiguous," when used in a policy of fire insurance in reference to a building, means in close proximity, in actual close contact.

A policy of fire insurance contained a clause prohibiting, unless by special agreement indorsed on the policy, "the generating or evaporating within the building, or contiguous thereto, of any substance for a burning gas, or the use of gasoline for lighting."   Plaintiffs, after the issuing of the

policy, constructed works fifty feet from the building for the manufacture of gas from gasoline. The gas was conducted to the building by pipes. In an action upon the policy, *held,* that the gas works were not contiguous to the building, within the meaning of said clause ; nor could it be considered that the use of gas made from gasoline was in violation of it, in the absence of evidence that gas and gasoline were substantially the same, or that gasoline may not be burned in some other manner than as gas manufactured from it ; and that, therefore, the facts shown did not work a forfeiture of the policy.

[Argued March 21, 1877; decided April 3, 1877.]

APPEAL from judgment of the General Term of the Supreme Court in third judicial department affirming a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 7 Hun, 455.)

This action was upon a policy of fire insurance upon plaintiffs' stock of goods contained in a building, described in the policy, situate in the village of Canajoharie.

The facts are sufficiently set forth in the opinion.

*Geo. W. Miller,* for the appellant.

*Daniel S. Morrel,* for the respondents. The putting in of the gasoline works and their use did not violate any of the terms of the policy. (*Quincy* v. *White,* 63 N. Y., 370, 375; *Second National Bank* v. *Poucher,* 55 id., 348.)

MILLER, J. After the policy was issued to the plaintiffs works were constructed by them for the purpose of manufacturing gas, from gasoline, for lighting the buildings in which the insured property was. The gas was evaporated in a tank which was located at least fifty feet from the building, and was conducted to the same by means of pipes and other apparatus. It is insisted that the express provisions of the policy were violated by the construction of the gas works and the use of the gas manufactured in said works in the building of the plaintiffs. One of the conditions of the policy is that "the generating or evaporating within the building or contiguous thereto of any substance for a burn-

ing gas, or the use of gasoline for lighting, is prohibited, unless by special agreement indorsed on this policy."

Under this clause the question arises whether the works and fixtures which were erected and put in operation were constructed and used in violation of the condition cited. The gasoline works certainly were not within the building, nor do we think that they were contiguous to the same in the sense in which that word is employed. They were at least fifty feet from the building, and there is no ground for claiming that at that distance they were sufficiently near the building of the plaintiffs to bring them within the meaning of the condition. Contiguous is defined to be adjacent, in actual close contact, touching, near. The word "contiguous" is a relative term, and when employed in reference to a building, evidently means in close proximity to the same.

Within the definitions referred to, a building located fifty feet from another would not be contiguous to the latter in any sense, but separate and distinct from it. It follows necessarily that the gasoline works of the plaintiffs were not contiguous to the building which contained the property insured. It is also manifest, that such a construction was not contemplated by the parties from the rules established in reference to the introduction of gas machines which were adopted by the executive committee of the National Board of Fire Underwriters, which were put in evidence by the defendant and provide as an indispensible requirement, among other things, for the erection of said gas works, that the generator must be placed at least fifty feet from the building to be lighted. As this was done in regard to the gas works of the plaintiffs, there was a full compliance in this respect with the rule referred to, as well as with the condition of the policy cited. In view of the facts the referee was not authorized to find in accordance with the request of the defendant's counsel, that the putting into the building of the pipes and apparatus, and also the placing of the tank upon the lands on which the buildings described in the policy stood,

was contrary to the terms of the policy and any such findings would have been erroneous.

It is also urged that the condition under consideration prohibits the use of gas for lighting, if made from gasoline. It is not so expressed or stated in the policy, and gasoline cannot, we think, be considered as gas within the sense and true interpretation of such condition. It is not made to appear that gas and gasoline constitute and form the same or an article similar in all or in most respects ; nor whether gasoline may not be used or burned in some other manner than gas which is manufactured from it. Nor is it proved that gas is as dangerous as gasoline. In the absence of any such evidence, and as the policy prohibits the use of gasoline and not gas, we cannot assume that the latter was intended, and that burning gas, whether manufactured from gasoline or any other material, was within the prohibition contained in the policy. If as we have seen, the plaintiffs had the right to put up the gasoline works, connect them with the building, and manufacture gas therein, and also to use the same, then the policy was not forfeited by the act, and the question whether there was a waiver of the condition in the policy does not arise. As the authority existed there was no necessity for any consent of the defendant, and hence the evidence introduced to prove, and which as the referee has found, did establish that the agents of the company consented that the plaintiffs put in the works for the manufacturing of gas, and for lighting the building, could have no bearing upon the case, and is not material.

It could do no harm, as the plaintiffs were entitled to recover without any such proof, and the introduction of it could not interfere with or prevent such recovery. No other question in the case demands comment, and there being no error, the judgment should be affirmed.

All concur, CHURCH, Ch. J, and ANDREWS, J., absent.

Judgment affirmed.