McWilliams v. Clampitt.

4-4989

Opinion delivered March 28, 1938.

Claude E. Love, for appellant.

McKay & McKay and John T. Harley, for appellees.

Smith, J. This appeal is from a decree of the Columbia chancery court holding invalid the sale of a tract

of land in that county for the nonpayment of the general taxes due thereon for the year 1932. It was alleged that the sale was invalid for the reason that the notice of sale had not been published for the time and in the manner provided by law, and the court so found; and, as we concur in that finding, we do not consider other defects alleged in the sale.

The notice of the tax sale was published in a local newspaper on June 1st, and again on June 8, 1933, and the sale was held on June 12, 1933.

Section 10084, Crawford & Moses' Digest, required the clerks of the several counties of this state to cause the list of delinquent lands to be published weekly for two weeks between the second Monday in May and the second Monday in June in each year. In construing this statute in the case of *Thweatt* v. *Howard,* 68 Ark. 426, 59 S. W. 764, it was held (to quote a headnote in that case) that "Publication of the list of delinquent lands for eleven days before the day of sale is not a compliance with the statute which requires that such list shall be published 'weekly for two weeks.' " The case of *Laughlin* v. *Fisher,* 141 Ark. 629, 218 S. W. 199, is to the same effect.

Upon the authority of those cases it must be held that the notice of sale was published for only eleven days, and the sale must, therefore, be held invalid, if the law in force when the sale here under review was made imposed the same requirement as to notice.

The sale occurred while act 250 of the Acts of 1933 was in force. This act amended both §§ 10084 and 10085, Crawford & Moses' Digest.

Section 10084, Crawford & Moses' Digest, reads as follows: "The clerks of the several counties of this state shall cause the list of the delinquent lands in their respective counties, as corrected by them, to be published weekly for two weeks, between the second Monday in May and the second Monday in June in each year. Such list of delinquent lands shall be published in some newspaper of the county, if any be published therein; if not, in some newspaper published nearest to said county having a circulation in such county. He shall also keep posted up in or about his office such delinquent list for one year."

Section 5 of act 250, *supra,* amended § 10084, Crawford & Moses' Digest, and reads as follows: "That § 10084 of Crawford & Moses' Digest of the statutes of Arkansas be amended so as to read as follows: 'The clerks of the several counties of this state shall cause the list of delinquent lands in their respective counties, as corrected by them, to be entered in a well-bound book, appropriately labeled, which book shall be a permanent public record, and open to the inspection of the public at all times.' "

It will be observed that this § 5 of act 250 did not re-enact the provision of § 10084, Crawford & Moses' Digest, as to the time of publication, but § 6 of act 250 reads in part as follows: "That § 10085, Crawford & Moses' Digest, of the statutes of Arkansas be amended so as to read as follows: 'There shall be published once weekly for two weeks between the second Monday in May and the second Monday in June, in each year, in any county publication qualified by law, a notice to the effect that the delinquent lands, tracts, lots or parts of lots, so entered in said delinquent land book will be sold, or so much thereof as is necessary to pay the taxes, penalties and costs due thereon, by the county collector, at the courthouse in said county (or district) on the second Monday in June next, unless the taxes, penalties, and costs be paid before that time, and that the sale will be continued from day to day, until the said tracts, lots and parts of lots be sold. . . .' "

It will be observed that under § 10084 the delinquent list is "to be published weekly for two weeks between the second Monday in May and the second Monday in June in each year." The provisions of § 6, *supra,* are that "There shall be published once weekly for two weeks between the second Monday in May and the second Monday in June, in each year," the notice of delinquency.

In the recent case of *Edwards* v. *Lodge, ante* p. 470, 113 S. W. 2d 94, we had occasion to consider the phrase, "there shall be published once weekly," appearing in § 6 of act 250, and there held that it means once a week, so that, if this phrase be read as there interpreted, the portion of § 6 where it appears will read as follows:

"There shall be published once a week for two weeks between the second Monday in May and the second Monday in June in each year," which makes its meaning identical with the provisions of § 10084, Crawford & Moses' Digest, that the notice of sale "be published weekly for two weeks." Therefore, the provision of § 10084, Crawford & Moses' Digest, as to the time of publication of the delinquent notice was not changed by act 250, *supra*. It was required by both § 10084 and act 250 that the publication be made for two weeks before sale, and that publication was not had where the first publication of the notice was made, as in this case, only eleven days before the day of sale.

It is insisted that this defect in the sale was cured by act 142 of the Acts of 1935, which was in force while this suit was pending. The case of *Edwards* v. *Lodge, supra,* holds to the contrary, as does also the case of *Union Bank & Trust Co.* v. *Horne, ante* p. 481, 113 S. W. 2d 1091, decided on the same day. It is pointed out in the opinions in both of those cases that the curative provisions of § 1 of act 142 applied only when "publication of the notice of the sale had been given under a valid and proper description as provided by law." Here, there had been no publication conforming to law, and act 142 does not apply for that reason.

The decree of the court below holding the sale invalid is correct and is, therefore, affirmed.