Faulkner *v.* Binns, Trustee.

4-6343                                                    151 S. W. 2d 101

Opinion delivered May 12, 1941.

*Brewer & Cracraft,* for appellant.

*Jo M. Walker,* for appellee.

Smith, J. Appellee, as trustee, acquired title to lot 84 and the south 64 feet of lot 85 in that part of the city of Helena known as Old Helena, in 1928, on which he ceased to pay taxes subsequent to those for the year 1933. On November 4, 1935, the property was sold to the state for the taxes due thereon for the year 1934, and this sale was confirmed in a proceeding for that purpose brought under the authority of act 119 of the Acts of the 1935 session of the General Assembly. The confirmation decree was rendered November 28, 1938. On December 29, 1939, appellant purchased the lots from the state.

On March 22, 1937, a decree was rendered pursuant to which the lots were sold for the nonpayment of certain improvement district taxes. The lots were sold to the improvement district under this decree, and appellant Faulkner purchased them from the improvement district January 16, 1940.

Suit was filed by appellee, trustee, March 4, 1940, in which he attacked both the deed from the state to appellant and the deed to appellant from the improvement district, and prayed the right to redeem from the sale to the state and the improvement district. Both sales were held void, and the right of redemption was accorded, from which decree is this appeal.

We are of the opinion that the defects in the sale for the 1934 general taxes were cured by the confirmation decree, and that appellant acquired title to the lots under his deed from the state. Under this view it is unimportant to consider whether appellant may not also have acquired title under the deed from the improvement district, and we shall, therefore, discuss only the decree confirming the sale to the state.

The court found "that on account of the failure of the clerk of Phillips county to extend the taxes levied on said premises as required by law, and on account of the failure of the clerk to attach to the list of lands returned delinquent, his certificate, stating in what newspaper and for what length of time notice of sale of such lands was given, as required by law, the sale of said premises to the state was void for want of power and authority to sell the same."

For the affirmance of this decree appellee cites and relies upon the cases of *Mixon* v. *Bell,* 190 Ark. 903, 82 S. W. 2d 33; *Lambert* v. *Reeves,* 194 Ark. 1109, 110 S. W. 2d 503, 112 S. W. 2d 33, and *Wright* v. *Davis,* 195 Ark. 292, 111 S. W. 2d 565. The first of these—the case of *Mixon* v. *Bell*—held that the confirmation decree did not cure the failure to properly extend the taxes on the tax record; and the other two cases are to the same effect. There had been a confirmation of those tax sales under the authority of act 296 of the Acts of 1929.

For the apparent purpose of strengthening the confirmation act of 1929, and to validate tax sales which a confirmation decree under that act did not effect, the General Assembly passed, at its 1935 session, act 119, another confirmation act, which we have since had several occasions to construe.

In the first of these cases construing act 119—that of *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251— we said that it was the legislative purpose to cure all defects in tax sales which did not relate to the power to sell, and that the effect of a confirmation decree rendered in accordance with the provisions of act 119 is to cure all tax sales where there was not lacking the power to sell, that is, all sales for taxes which were due and had not been paid. That holding was reaffirmed in the cases of *Angels* v. *Redmon,* 198 Ark. 980, 132 S. W. 2d 170, and *Dansby* v. *Weeks,* 199 Ark. 497, 135 S. W. 2d 62.

The case of *Berry* v. *Davidson,* 199 Ark. 276, 133 S. W. 2d 442, would be decisive of this case if the others were not. That case reviews the effect of confirmation decrees rendered under act 296, as distinguished from those rendered under act 119, and it would be a work of supererogation to again review the cases there reviewed. The review of the cases on the subject and the distinction between them made in the case of *Berry* v. *Davidson* was intended to put the subject at rest and to definitely state the effect of confirmation decrees rendered pursuant to act 119. It was said in this *Berry* v. *Davidson* case that ''If there are any taxes levied or assessed against the land, however defectively that may have been done and when the taxes shall not have been paid, the state has the power to sell.'' And, as has been said, in all the cases arising under act 119 the confirmation cures all errors in the sale where the power to sell exists.

The later case of *Commercial National Bank* v. *Cole Bldg. Co.,* 200 Ark. 212, 138 S. W. 2d 794, points out the difference in the effect of confirmation decrees rendered pursuant to act 119, as distinguished from decrees rendered under act 296, and so, also, do the cases of *Moseley* v. *Moon,* 201 Ark. 164, 144 S. W. 2d 1089, and *Redfern* v. *Dalton,* 201 Ark. 164, 144 S. W. 2d 713.

Appellee cites as sustaining the decree from which is this appeal the cases of *McWilliams* v. *Clampitt,* 195 Ark. 908, 115 S. W. 2d 280, and *Hirsch* v. *Dabbs,* 197 Ark. 756, 126 S. W. 2d 116, which cases, as appellee points out, were decided by this court subsequent to the passage of act 119.

The first of these—the McWilliams case—did not involve the effect of a confirmation decree, the question in that case being whether the curative provisions of act 142 of the Acts of 1935 applied, and it was held that they did not apply, for the reason that the notice of sale had not been published for the time and in the manner required by law, this publication being made, by act 142, a condition upon which its curative provisions should be applied.

In the second case—that of *Hirsch* v. *Dabbs*—the defendant landowner appeared within a year of the date of the confirmation decree there attacked, and made the showing that the sale was invalid. He did this under the authority of § 9 of act 119, there quoted, which reads, in part, as follows: ''The owner of any lands embraced in the decree may, within one year from its rendition, have the same set aside insofar as it relates to the land of the petitioner by filing a verified motion in the chancery court that such person had no knowledge of the pendency of the suit, and setting up a meritorious defense to the complaint upon which the decree was rendered. The chancellor shall hear such defense according to the provisions of this act as though it had been presented at the term in which it was originally set for trial.''

But in the instant case appellee did not appear within the year allowed by § 9 of act 119. Had he done so, the relief accorded in the Hirsch case, *supra,* would have been accorded him; but appellee here failed to avail himself of the provisions of § 9 of act 119, above quoted.

The case of *Lundell* v. *Wood,* 115 Fed. 2d 697, involved the construction of act 119 of the Acts of 1935. This is a decision by the Court of Appeals of this circuit, and while it does not control our construction of the act, the opinion in that case manifests a clear apprehension of the effect of the opinion of this court in the case of *Berry* v. *Davidson, supra.*

That case, like this, involved a sale for the 1934 taxes in Phillips county, and we have before us the identical record there reviewed, this being the record for the sale of the 1934 taxes in Phillips county, and the decree con-

firming the sale. It was there held (to quote the head-note) that "A sale of land to the state of Arkansas for taxes, defective because taxes were not fully extended on tax books by clerk of county court as required by statute, was validated by a decree of the chancery court confirming the state's title entered in a suit brought by the state under statute authorizing the filing of a suit to confirm title in the state whenever any realty has been forfeited to the state for the nonpayment of taxes. Acts Ark. 1935, act 119, §§ 1, 6, 9; Pope's Dig. Ark., § 13758."

The effect of the views here expressed is to hold that appellee has lost his title as a result of the decree confirming the 1934 tax sale; and we do not, therefore, consider the effect of the sale of the same property for the improvement district taxes.

The decree from which is this appeal will, therefore, be reversed, and the cause remanded, with directions to dismiss appellee's complaint as being without equity.