STRINGER *v.* FULTON.

4-7668                                           188 S. W. 2d 129

Opinion delivered June 4, 1945.

J. S. Thomas and J. R. Wilson, for appellant.

Claude E. Love, for appellee.

MILLWEE, J. This is a suit by appellee, E. V. Fulton, to quiet title to lot 13, block 8, Craig's West End Addition to El Dorado, Arkansas, and to cancel a deed from the State Land Commissioner to appellant, C. A. Stringer. Appellee failed to pay the taxes for 1936 and the lot was sold November 1, 1937, and certified to the State Land Commissioner on December 11, 1939. On May 8, 1940, the State, pursuant to the provisions of Act 119 of 1935, procured a decree confirming the 1937 tax sale. Thereafter, on October 23, 1943, the State Land Commissioner delivered his deed to appellant, C. A. Stringer.

The sole ground relied upon by appellee to cancel the state deed to appellant was that the property was not advertised as provided by § 13847 of Pope's Digest in that the notice of sale was published on October 22 and October 29, 1937, and the sale held on November. 1, 1937. It is undisputed that the notice was published for a period of only 12 days prior to the day of sale, instead of the two full weeks required by the statute. It is also undisputed that this suit to set aside the tax sale of 1937 was not instituted within one year of the date of the confirmation decree of May 8, 1940. The trial court was of the view that the failure to give the statutory notice defeated the power to make the sale and that the decree of confirmation failed to cure such defect, even though the sale was not attacked until more than a year after the rendition of the confirmation decree. A decree was entered

canceling the deed of appellant and confirming title to the property in appellee.

To sustain the action of the chancellor appellee relies upon such cases as *Edwards* v. *Lodge,* 195 Ark. 470, 113 S. W. 2d 94, and *McWilliams* v. *Clampitt,* 195 Ark. 908, 115 S. W. 2d 280, where it was held that such defect as is involved in the case at bar was not cured by the provisions of Act 142 of 1935, which was relied upon by the tax purchaser in those cases. But it was specifically pointed out in those cases that the curative provisions of § 1 of said Act 142 applied only when, as expressly provided in the act, "publication of the notice of the sale has been given under a valid and proper description, as provided by law."

Appellee also relies upon such cases as *Schuman* v. *Metropolitan Trust Company,* 199 Ark. 283, 134 S. W. 2d 579, and *Edwards* v. *Nall,* 200 Ark. 9, 137 S. W. 2d 748, where it was held that insufficient publication of the notice of sale rendered the sale void. However, there was no confirmation decree involved in these cases.

The case of *Bolin* v. *Kelley,* 205 Ark. 539, 169 S. W. 2d 865, is also cited by appellee. This was a direct attack on the validity of a tax sale and the original owner of the property intervened in the confirmation suit instituted by the state under Act 119 of 1935. It was there held that the tax deed was defective because the notice of sale was not published as provided by law, and the original owner was allowed to redeem and recover rents.

The effect of a confirmation rendered pursuant to the provisions of Act 119 of 1935 is to cure all defects and irregularities of tax sales, after the lapse of a year from the confirmation proceedings, except those that go to the power to sell. *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251; *Berry* v. *Davidson,* 199 Ark. 276, 133 S. W. 2d 442; *Faulkner* v. *Binns, Trustee,* 202 Ark. 457, 151 S. W. 2d 101; *Ingram* v. *Blackmon,* 202 Ark. 769, 152 S. W. 2d 315; *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132. The question for determination, therefore, is whether a failure to give the 14 days' notice of

sale required by the statute is such a defect or irregularity that defeats the power to sell.

Justice BAKER, speaking for this court in the case of *Berry* v. *Davidson, supra,* said: "If there are any taxes levied or assessed against the land, however defectively that may have been done and when the taxes shall not have been paid, the state has the power to sell."

In the case of *Commercial National Bank* v. *Cole Building Co.,* 200 Ark. 212, 138 S. W. 2d 794, this court in holding that the power to sell existed in that case said: "In the instant case it is not questioned that a valid tax had been imposed, and that the tax had not been paid. It was, of course, an 'irregularity and illegality' to sell the land on a day not appointed by law, which rendered the sale void, and against which relief would have been granted if asked at an appropriate time. This defense might well have been interposed against the rendition of the confirmation decree; but it was not, and, although the sale was void for the reason stated, it was confirmed and held valid. The court had the jurisdiction to render this decree, and it is impervious to the collateral attack now made upon it if the power existed to sell the land."

The holding of these cases was reaffirmed in *Faulkner* v. *Binns, supra,* where it was held, to quote a headnote: "The effect of a confirmation decree rendered pursuant to the provisions of Act 119 of 1935 is to cure all tax sales where there is not lacking the power to sell, that is, all sales for taxes which were due and had not been paid."

In the case of *Caldwell* v. *Martin,* 55 Ark. 470, 18 S. W. 633, the effect of a confirmation decree rendered under the authority of the revised statutes was involved, and it was held that the failure to advertise the land for sale was cured by the confirmation decree, for the reason that it was within the power of the legislature to authorize a sale for taxes without advertisement of the sale.

We think the case of *Redfern* v. *Dalton,* 201 Ark. 359, 144 S. W. 2d 713, is decisive of the issue under considera-

tion in the case at bar. There, a suit was filed to set aside a decree of confirmation under Act 119 of 1935, and one of the grounds alleged therefor was that the notice of sale was not published according to law. An examination of the transcript in that case shows that such notice of sale was published for 11 days instead of the two weeks required under the statute. In disposing of this objection, along with others made to the sale in that case, this court said: "These objections to the tax sale require but little discussion. It is obvious that if the decree of confirmation does not cure those objections, it accomplished no purpose, and its procurement by the State was a fruitless proceeding. . . .

"The four objections to the sale herein copied above do not relate to the power to sell, and were not made within one year after the rendition of the confirmation decree. Appellant has, therefore, shown no cause for vacating it, and the decree from which is this appeal so holding is affirmed."

We follow the decision of *Redfern* v. *Dalton, supra,* and conclude that the failure to give the required statutory notice did not defeat the power to sell. Under the provisions of § 9 of Act 119 of 1935, such defect could have been successfully interposed by appellee as a meritorious defense against rendition of the confirmation decree, or such defense might have been asserted within a year from the date of the confirmation decree in the absence of knowledge of the pendency of the confirmation suit. The present suit having been instituted by appellee more than a year after rendition of the confirmation decree, and the state having the power to sell, the defect complained of was cured.

The able chancellor erred in setting aside the tax sale and confirming title to the property in appellee. The decree is accordingly reversed and the cause remanded with directions to dismiss the complaint of appellee, and for further proceedings consistent with this opinion.