SELIGSON *v.* SEEGAR.

4-8215

202 S. W. 2d 970

Opinion delivered June 16, 1947.

*Johnson & Johnson,* for appellant.

*U. A. Gentry,* for appellee.

HOLT, J.    May 11, 1946, W. F. Seegar, appellee, intervened in the suit of the State of Arkansas, wherein the State sought to confirm its title to certain tax forfeited lands in Little River county.    Included in the State's complaint were the following tracts involved here: "NE¼ of NE¼ and SE¼ of NW¼ of section 15, township 11 south, range 32 west," which appellee alleged he owned by purchase from the original owner. He further alleged that this property forfeited for non-payment of taxes for 1942, was sold to the State and certified to it on June 2, 1945, but that the sale was void for several reasons, among them being: "The record of the levying court is indefinite, ambiguous and is not properly authenticated and the proceedings thereunder are null and void. . . .    There was included in the cost of sale 25 cents for each 40 acre tract as cost of publication of the delinquent land list.    Said property was all assessed in the name of R. A. Spence, was in the same section and contiguous and under the law constituted one tract and the amount of 25 cents charged as costs for publication of each 40 acre tract in the delinquent land list was excessive and renders the tax sale void."

He further alleged that appellant and cross complainant, Sam Seligson, purchased said lands from the State by deed dated January 18, 1946, that the State had no title to convey, that the sale was void and prayed accordingly.

Appellant, Seligson, denied generally all the allegations that the sale was void, but admitted his purchase of the property from the State after proper appraisal. He further alleged that he paid the State $300 for the two tracts, plus expenses of deed and costs.

The trial court found the tax sale void, that the State had no title to convey, that appellee owned the land and entered a decree November 18, 1946, accordingly.

This appeal followed.

At the outset we are met with appellee's earnest contention that the decree must be affirmed for the reason that the oral evidence taken in the case was not properly preserved and brought into the record and, therefore, it must be presumed that the evidence was sufficient to support the Chancellor's findings and decree. In support of this contention, he says: "There is no order of the Court approving the bill of exceptions and ordering the same filed, neither is there any verification as to the correctness of the bill of exceptions by the judge of the trial court."

It is true that the Court did not sign or approve a bill of exceptions. However, as we shall presently point out, the court's failure so to do, in the circumstances here, was not essential to preserve the testimony nor was a bill of exceptions necessary.

The decree recites that "the cause is submitted to the court upon the complaint of the plaintiff, the answer and cross complaint of intervener, the answer of the cross defendant to the intervener, the stipulation of the parties hereto, the oral evidence taken *ore tenus* before the court and the exhibits introduced in said cause."

At the beginning of the trial, in taking of testimony following the pleadings, the record recites: "Be it remembered that on this the 18th day of November, 1946, the same being a regular day of November, 1946, term of the Little River Chancery Court, comes on for hearing and to be heard the above numbered and entitled cause,

the Honorable A. P. Steele, the regular Chancellor for the Sixth Chancery District of Arkansas, present and presiding, and the following proceedings were had and done:

"The testimony of the witnesses taken by the Little River Chancery Court on the 18th day of November, 1946, and by the court ordered to be reported by Norma H. Sain, the official reporter of this Court, and upon application of either party to the suit to be transcribed and filed as depositions in this action."

There follows interrogation of witnesses, stipulation and exhibits and at the conclusion the certificate of the court reporter in the following form:

"I, Norma H. Sain, official court reporter for the Sixth Chancery District of Arkansas, do hereby certify that the foregoing pages, numbered from 1 to 21, inclusive, contain a true and correct transcription of my shorthand notes taken at the trial of the within numbered and entitled cause, in the Little River Chancery Court on the 18th day of November, 1946, and covers all oral testimony and exhibits (such part as pertains to School District 22) introduced in said trial.

"Witness my hand as such official reporter on this 25th day of January, 1947. (Signed) Norma H. Sain, Official Court Reporter, Sixth Chancery District of Arkansas."

The record further discloses that the twenty-one transcribed pages of the official court reporter's shorthand notes of the proceedings at the trial were properly filed with the Circuit Clerk, W. W. Bishop, on February 5, 1947. The record on page 7 recites: "Little River County, Arkansas, Filed 2/5/47, W. W. Bishop, Circuit Clerk."

It is conceded that the applicable statute governing appeals from the Sixth Chancery District is Act 202 of 1927, the pertinent provisions of which are: "Section 2. It shall be the duty of said reporter to attend all regular

and adjourned terms of the Chancery Courts of the 6th Chancery District and, upon request of the Court or counsel for either party, shall make a complete and accurate stenographic report of all oral testimony or proceedings had before the Court which stenographic notes shall be filed with the Clerk of the Court of the county wherein said cause is pending as a permanent record. . . . Said stenographer shall transcribe the notes so taken at the request of the Court or counsel for either party and shall make an original and two carbon copies thereof, and the original shall be delivered to the Clerk of the Court to be used in the transcript of said record on appeal to the Supreme Court, etc. . . .

"Section 3. The original copy of said transcribed notes when filed with the Clerk of the Court, as herein directed, within the time provided by law for appeals to the Supreme Court, shall be treated as depositions filed in said cause as fully and completely as if filed within the term of the court."

It will be noted that under the plain terms of this act, the original copy of said transcribed notes when filed with the clerk of the Court as therein directed, within the time provided by law for appeals to the Supreme Court, shall be treated as depositions filed in said cause as fully and completely as if filed within the term of the court.

We think there was a literal compliance with the statute in this case. The Court Reporter filed with the Circuit Clerk an original copy of her transcribed notes well within the six months period for an appeal and, in accordance with the court's order, said copy became depositions in this case and a part of the record on appeal without the signature or verification of the trial judge.

Such was the effect of the holding of this court in the case of *Lemay* v. *Johnson,* 35 Ark. 225. There, this court said: "In equity cases, all papers properly filed in the cause become, on appeal, parts of the record, to

be included in the transcript. No motion for a new trial is essential, nor is a bill of exceptions necessary, except where oral evidence has been used, and not taken down and filed as depositions, or interlocutory transactions have occurred which would be otherwise excluded from the record,'' and in *Chicago Title & Trust Co.* v. *Hagler Special School District No. 27,* 178 Ark. 443, 12 S. W. 2d 881, we said: ''Under our practice, depositions, when filed, or oral evidence ordered to be reduced to writing and filed as depositions, become a part of the record in a chancery court. *Fletcher* v. *Simpson,* 144 Ark. 436, 222 S. W. 710; *Harmon* v. *Harmon,* 152 Ark. 129, 237 S. W. 1096; *McGraw* v. *Berry,* 152 Ark. 452, 239 S. W. 618; *C. A. Rees & Co.* v. *Pace,* 156 Ark. 473, 246 S. W. 491; *Rose* v. *Rose,* 9 Ark. 507; *Lemay* v. *Johnson,* 35 Ark. 225; and *Casteel* v. *Casteel,* 38 Ark. 477.''

Appellee contended below, and argues here, that the tax sale was void because 25 cents for each of the two 40 acre tracts, or a total of 50 cents, was charged for publication, when the two tracts under the law, Act 170 of 1935, were contiguous, constituted but one tract, and but one charge of 25 cents should have been assessed. The trial court sustained this contention, and we agree with appellant that it erred in so doing.

The rule announced in the very recent case of *Moses* v. *Gingles,* 208 Ark. 788, 187 S. W. 2d 892, applies with equal force here. There, it was held that since the three tracts of land there involved were contiguous within the meaning of Act 170 of 1935, *supra,* they should have been advertised and sold as one tract, at a total cost of 25 cents, and that their sale as three separate non-contiguous 40 acre tracts, at a total cost of 75 cents, invalidated the sale. Obviously the inference is that had the three tracts been in fact non-contiguous, as in the present case, the sale in that case would have been declared valid. We there said: ''Section 2 requires the clerk to publish such delinquent list, as corrected by him, with this proviso: 'Provided that within any section, a section, quarter section, eighty acres or less contiguous acreage owned by

one person shall be listed and published as one tract. All contiguous city 'lots in any city block owned by one person shall be listed and published under one item and as one tract.' Section 9 provides: 'The legal fees for the publication of delinquent real property shall be twenty-five cents per tract. . . .'

"Obviously the reason the Legislature requires the county clerks to list contiguous tracts in any section, which are shown to be owned by one person, as one tract for publication, is to save costs of publication. The requirement is mandatory whatever the reason for its enactment, and these provisions were not repealed by Act 282 of 1935. *Thomas* v. *Branch*, 202 Ark. 338, 150 S. W. 2d 738. In fact, Act 170 of 1935 was the only authority for the publication of the delinquent land list and the legal fee for publication is 25 cents per tract as fixed by § 9, and the term 'tract' as there used means a tract as limited by the proviso in § 2."

In the present case, the two 40 acre tracts, we think, are obviously by their calls, non-contiguous, in fact, they do not even touch each other, their nearest corners being approximately one-fourth mile apart. Webster defines contiguous as "in actual contact; touching," and Bouvier's Law Dictionary (Rawle's Third Revision), p. 655, defines contiguous: "In close proximity, in actual close contact, *Arkell* v. *Ins. Co.*, 69 N. Y. 191, 25 Am. Rep. 168; as, contiguous proprietors are those whose lands actually touch."

Appellee next argues that the tax sale was void because "the record admittedly shows that the certificate of the County Board of Education, composed of the County Judge, the County Clerk and the County Supervisor, showed the vote of the amount of tax in District No. 22, in which the land was located, to be 'eighteen' without designating whether the word eighteen referred to mills, dollars or cents."

We cannot agree with this contention.

It is undisputed that the levying court met November 16, 1946, for the purpose of levying taxes . . . making appropriations, etc., and the minutes or record of the proceedings kept by the county clerk, as was his duty, reflect the following: "The several justices of the peace of Little River county as hereinafter set out, were present and answered to their names on roll call by the County Clerk as follows, to-wit: (Naming twenty-two.) There were 22 justices of the peace present. The County Judge, D. W. Lowry, declared a quorum present and ready for the dispatch of business when the following proceedings were had, to-wit: . . .

"School Tax Levies: Upon a motion by L. F. Wheelis, and seconded by Nathan Furlow, the following levies were made on all real, personal and mixed property within the respective school districts of Little River county, Arkansas, subject to taxation for the year 1942, and as hereinafter set out and voted by the voters of the several school districts at the regular school elections in Little River county, Arkansas, in the 1942 as fixed by law and certified by the several school districts, in the time and in the manner required by law, and which levies are in words and figures as follows, to-wit:

| School Dist. | Total Mills | Voted for General Fund | For Building Fund |
|---|---|---|---|
| No. 22 | 18 | 18 | |

"Upon roll call the above levies for school purposes were adopted by unanimous vote.

"Upon a motion made by F. K. Davis and seconded by J. M. Weatherspoon the adjournment order was made and there being no further business the motion carried by a unanimous vote.

County Judge."

While it is true the word "mills" does not follow the figure "18," the millage voted by the people of School District 22, the order of the levying court, *supra*, levying this tax, definitely shows that 18 mills were levied against this property, as voted by the district, and

we think this levy valid. This identical question was decided against appellee's contention in the very recent case of *London* v. *Montgomery, ante,* p. 434, 201 S. W. 2d 760, wherein we held: (Headnote 5.) "With certificate from the County Board of Education that District No. 22 (Stuttgart) had voted '18' as a tax, the quorum court assessed '18.' Held, that the assessment was in mills, not dollars, or cents; hence not ambiguous or uncertain."

Finally, appellee argues that the record, or minutes, of the proceedings of the levying court, *supra,* reciting that a tax levy of eighteen mills was made, was not signed by anyone, or properly authenticated, and this invalidated the tax sale here involved. We think this contention also untenable. This court, in the case of *Hilliard* v. *Bunker,* 68 Ark. 340, 58 S. W. 362, held that (Headnote 4) "the proceedings of the levying court are not invalid because the record was not signed by the members of the court present and participating," and in the opinion, said: "The objection that the record of the day's proceedings were not signed by the members of the court present and participating does not go to the validity of the proceedings so noted by the clerk as shown in the record. In the first place, the authorized officer having written up the minutes upon the record, and their verity not having been called in question, the county court having general jurisdiction of the subject-matter, and being a superior court, the truth of the minutes could be established by parol."

Having concluded that the tax sale was in all things valid, the decree is reversed and the cause remanded, with directions to enter a decree not inconsistent with this opinion.