Taylor v. Warren.

4-8346                                     206 S. W. 2d 760

Opinion delivered December 8, 1947.

Rehearing denied January 12, 1948.

*David Solomon Jr.,* for appellant.

*Dinning & Dinning,* for appellee.

Smith, J. Appellant filed suit in ejectment to recover from appellee the possession of a town lot in the City of Helena. Appellant's title is based on a deed to him from the State of Arkansas dated April 18, 1945. The title of the state to the lot was based on the forfeiture and sale to it for the non payment of the 1935 general taxes, and a decree confirming this sale rendered June 9, 1943, under the provisions of Act 119 of the Acts of 1935. Trial was had before the court, sitting as a jury, and the court found from the records offered in evidence that the tax sale was void through lack of power to sell, for the reason that no taxes had been assessed or extended against the land.

Upon this issue the following recitals appear in the transcript before us, read from the tax books, "The tax estimation for 1935 as disclosed by the records in the

office of the County Clerk of Phillips county reflect the following:

" 'Lot 1, Block 3, of Pillow Addition, the same being the property now under consideration.

" 'Under the caption of Name of Owner appears Winnie Warren; under the caption of description of property in "Lot 1, Block 3 of Pillow Addition"; under the caption of Valuation $190; under the caption of School District (Blank); under caption of Rate of School Tax (Blank); under caption of State Tax (Blank); under caption of County Tax (Blank); City Tax (Blank); under caption of Total Tax, State, County, School City (Blank); under caption of First Installment is (Blank); under caption of date paid is (Blank); under caption of Second Installment is (Blank); under caption of date paid is (Blank); under caption of Third Installment is (Blank); under caption of date paid is (Blank); under caption of Final date paid is (Blank). The record of taxes for the year 1935 for Lot 1, Block 3 of Pillow Addition is perfectly blank from the amount of valuation to the whole extent of the page upon which the assessments and extensions are made. That is from the real estate tax books for the year 1935 at Page 75 of the volume entitled "West Helena and Sub-Divisions for year 1935," and is taken from the regular volume of the extension of taxes for the year 1935 as now disclosed in the records in the office of the County Clerk of Phillips county, Arkansas.' "

Appellant questions these recitals and says that the tax books show the rate of taxation for the various purposes for which taxes had been assessed as follows: Rate for school district taxes, 18 mills; state taxes 8.7 mills, and county taxes, 1 mill. This statement appears, however, only in brief of appellant, and does not appear in the record. We must of course try the case on the record and not on the brief of counsel.

For the reversal of the decree from which is this appeal holding the confirmation decree ineffective to cure the invalidity of the tax sale, counsel for the appellant

relies principally upon the opinions of this court in the cases of *Berry* v. *Davidson,* 199 Ark. 276, 133 S. W. 2d 442 and *Faulkner* v. *Binns,* 202 Ark. 457, 151 S. W. 2d 101.

In the case first cited it was held that the invalidity of the tax sale had not been cured, although confirmed pursuant to Act 119 of the Acts of 1935, for the reason stated in the opinion, "that the taxes were never made and extended on the books of White county where the land was located) as provided by law." The opinion does not reflect in what respects there had been a failure to extend the taxes. This opinion was followed by the Federal Court of Appeals of this circuit in the case of *Lundell* v. *Wood,* 115 Fed. 2d 697.

In the latter case of *Faulkner* v. *Binns, supra,* it was held that a confirmation decree rendered pursuant to Act 119 of the Acts of 1935 was effective to cure the tax sale there involved, where the taxes had not been extended as required by law. But in that case the tax record showed the assessed valuation of the land and the rate of taxation for the various purposes for which taxes had been levied. Here, however, the record shows only the valuation and there was therefore no tax levied against the land in question. In this Binns case, *supra,* we quoted, with approval, the following statement from the case of *Berry* v. *Davidson, supra,* "If there are any taxes levied or assessed against the land, however defectively that may have been done, and when the taxes shall not have been paid, the state had the power to sell." The corollary of that statement is that if no taxes are assessed, the power to sell would not exist, and the confirmation did not cure the defective sale.

While the judgment did deny appellant's right to possession of the land, he was awarded judgment for all taxes which he had paid, with interest thereon, and the judment is affirmed.