BROWNING *v.* KING.

4-8696                                                         216 S. W. 2d 803

Opinion delivered January 24, 1949.

*J. E. Lightle, Jr.,* and *U. A. Gentry,* for appellant.

ROBINS, J. The State of Arkansas brought suit in the court below to confirm its title to certain lands in White county said to have been forfeited to the State for non-payment of taxes of 1943. Among these was the tract involved herein. Appellees, claiming to be the owners and asserting that the sale to the State was void, intervened, alleged that appellant had purchased the land from the State, and asked that the certification to the State and the deed from the State to appellant be canceled. The action then proceeded as between appellant and appellees. Decree was in favor of appellees. This appeal ensued.

Several irregularities in proceedings leading up to the tax sale were set up in appellees' intervention. We deem it necessary to consider only one of them: The failure of the clerk, before the date of sale, to append to delinquent list certificate as to publication of the notice, showing the date of each publication of the notice and the name of the newspaper in which same was published. The clerk's certificate, challenged in the case at bar, is manifestly insufficient to meet the requirement of the statute (§ 13848, Pope's Digest). But counsel for appellant (though they concede we held in the case of *Cecil* v. *Tisher, et al.,* 206 Ark. 962, 178 S. W. 2d 655, this law not to have been repealed) urge, nevertheless, that at the time the sale was had the statute requiring the above mentioned certificate was no longer in force. Our opin-

ion in the *Cecil* v. *Tisher, et al.,* case *supra,* has been cited and followed by us in the following cases: *Standard Securities Company* v. *Republic Mining & Manufacturing Company,* 207 Ark. 335, 180 S. W. 2d 575; *Johnson* v. *Johnson,* 207 Ark. 1015, 183 S. W. 2d 783; and *Devore* v. *Beard,* 208 Ark. 476, 187 S. W. 2d 173. We adhere to our ruling in these cases. The forfeiture for non-payment of taxes was void, and appellant acquired no title by purchase from the State.

The decree of the lower court is affirmed.