BOWLES *v.* DIERKS LUMBER & COAL COMPANY.

4-9236                                             233 S. W. 2d 632

Opinion delivered November 13, 1950.

*Shaver, Stewart & Jones* and *Quinn & Williams,* for appellant.

*Watson, Ess, Whittaker, Marshall & Enggas* and *Abe Collins,* for appellee.

ED. F. McFADDIN, Justice. This appeal involves the validity of several State tax deeds and also the effect of confirmation proceedings conducted under Act 119 of 1935.[1]

Appellant filed suit in the Chancery Court, claiming to be the owner of six tracts of land in Little River

---

[1] This Act, as presently amended, is now § 84-1315, *et seq.,* Ark. Stats.

County, Arkansas, totaling 200 acres. The appellee held under deeds, issued to it in 1945 by the State Land Commissioner, based on forfeiture for taxes of previous years; appellant claimed that the tax forfeitures were void for various reasons; appellee not only asserted the validity of the tax forfeitures but also pleaded confirmation decrees under Act 119 of 1935 as curing all possible defects. There was no allegation in the complaint, or testimony in the record, as to any claim of actual possession by appellant. It was stated in the oral argument before this Court that the lands were timber lands.

Trial in the Chancery Court resulted in a decree for appellee for five of the tracts and a decree for appellant for one tract. By appeal and cross-appeal the entire controversy is before this Court. Because, in some instances, the questions presented on one tract are different from those on other tracts, we will discuss the tracts grouped according to the questions presented.

*Tract No. 1—E½ SE¼ SE¼ Sec. 25*

and

*Tract No. 5—SW¼ NW¼ Sec. 36*

As to Tract No. 1, the trial court dismissed appellant's claim, because appellant failed to show any title in himself or any possession of the land, and therefore could not be heard to attack appellee's tax title since one without title or possession cannot attack the title of another. See *Jackson* v. *Gregory*, 208 Ark. 768, 187 S. W. 2d 547, and cases there cited. Such holding of the trial court was in all things correct.

As to Tract No. 5, L. E. Spence was the common source of title. He conveyed to J. A. Denton in 1922, and J. A. Denton conveyed to Lillie P. Denton in 1932. There is no record title out of Lillie P. Denton. In July, 1947, J. A. Denton, Mrs. Mae Kennedy, and others, executed a quitclaim deed to appellant Bowles; but there is nothing in the deed or elsewhere in the evidence to show that these grantors had any title through or from Lillie P. Denton. Appellant was asked if he knew anything about the relationship of the parties; and he gave nega-

894

tive answers. There is no presumption that appellant's grantors had any title from Lillie P. Denton (see *Ambs* v. *Chicago, Etc., Railway Company,* 44 Minn. 266, 46 N. W. 321, and *Turner* v. *Liebel,* 185 Ky. 313, 215 S. W. 70; 19 C. J. 1156, and 28 C. J. S. 958). Thus appellant, has failed to show either a record title, or possession, and therefore has no standing to attack appellee's tax deed issued by the State in 1945. As previously stated, one without title or possession cannot attack the title or another.

*Tract No. 2—W½ SE¼ SE¼ Sec. 25*

L. E. Spence, the common source of title, conveyed to Gunn in 1923, and Gunn conveyed to appellant in 1947. But the tract forfeited to the State in 1931 for the taxes of 1930; the State obtained a confirmation decree in 1937 under Act 119 of 1935; and the State conveyed to appellee in 1945.

Appellant claimed that the 1930 tax forfeiture was void and that the 1937 confirmation decree could not, and did not, cure the defect. The Chancery Court held for the appellant; and appellee has appealed. The Chancery decree recites:

". . . The testimony discloses that the clerk failed to certify the delinquent sale; failed to certify that the lands were advertised as required by law, and the court is of the opinion that the title claimed by the defendant, Dierks Lumber & Coal Company, based on said tax sale, is void; . . ."

We hold that these two defects—*i. e.,* failure of the Clerk to certify the list, and failure of the Clerk to certify that the lands were advertised,[2] both as required by

[2] There is a statement in *Cecil* v. *Tisher,* 206 Ark. 962, 178 S. W. 2d 655, that reads: "We think the failure of the clerk to perform this duty, as required by § 13848 of Pope's Digest, did avoid these sales, and was a *jurisdictional defect.*" In that case there had been no confirmation proceeding under Act 119 of 1935; and the words, "jurisdictional defect," were used in that opinion as relating to a defect which could be urged prior to confirmation, and did not mean a defect relating to the power to sell which, of course, could not be cured by a confirmation proceeding. Likewise, *Browning* v. *King,* 214 Ark. 480, 216 S. W. 2d 803, was a case in which the defect was urged *prior* to a confirmation; and in *Devore* v. *Beard,* 208 Ark. 476, 187 S. W. 2d 173, the defect was urged before the confirmation decree became final.

§ 84-1103, Ark. Stats. — were irregularities that were cured by the confirmation decree,[3] as neither defect went to the power to sell.[4] Such is the effect of our holdings in *Berry* v. *Davidson,* 199 Ark. 276, 133 S. W. 2d 442; *Faulkner* v. *Binns,* 202 Ark. 457, 151 S. W. 2d 101; *Stringer* v. *Fulton,* 208 Ark. 894, 188 S. W. 2d 129; *Billingsley* v. *Lipscomb,* 211 Ark. 45, 200 S. W. 2d 510; and *Hensley* v. *Phillips,* 215 Ark. 543, 221 S. W. 2d 412. So we conclude that the Chancery Court was in error in awarding this tract to the appellant; and to that extent the decree is reversed on appellee's cross-appeal.

*Tract No. 3—SW¼ SE¼ Sec. 25*

and

*Tract No. 6—NW¼ NW¼ Sec. 36*

L. E. Spence was the common source of title. In 1925 he conveyed one tract to Gunn and the other to Widdersheim; and each of these parties, by separate deed, conveyed to appellant Bowles in 1947. But in 1941 each of the tracts forfeited to the State for the non-payment of 1940 taxes; and the State obtained a confirmation decree, under Act 119 of 1935, at the November 1944 term of the Little River Chancery Court. Thereafter (in March 1945) the State conveyed the tracts to the appellee. Appellant claimed that the tax forfeitures were void and that the confirmation decree could not cure the three defects on which appellant relied to defeat the tax sale. We mention these as (a), (b), and (c):

(a)—Appellant claimed that the levying of school taxes by the Quorum Court was void because the record failed to show the levy to have been in *mills.* The Quorum Court proceedings showed in this regard that the school taxes were levied ''as voted by the voters of the several

---

[3] In using the expression "cured by the confirmation decree," we necessarily mean: (a) the rendition of the decree, and (b) the lapse of one year without challenge of the decree. See § 84-1325, Ark. Stats.

[4] As to defects that go to the power to sell, see *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409.

896

school districts at the regular school elections . . . in words and figures as follows:

| "School District | Total Mills Voted | General Fund | Building Fund |
| --- | --- | --- | --- |
| Dist. 12, Winthrop | 18 | 13 | 5 |

It will be observed that the word, *"mills"*, appears in the second column as ''Total Mills Voted.'' The case of *Seligson* v. *Scegar,* 211 Ark. 871, 202 S. W. 2d 970, involved a record in all respects similar to the one here; and under the authority of that case the appellant's attack is without merit, and the Chancery Court was correct in so holding.

(b)—Appellant claims that the proceedings of the Quorum Court were not signed by the Clerk, and therefore the entire tax sale was void. This contention is also similar to one made in *Seligson* v. *Seegar, supra,* and for reasons there stated is likewise held to be without merit. Furthermore, we point out that the Quorum Court proceedings were duly entered of record, and such record—in the custody of the proper official—was presented to the trial court. The Chancery Court was correct in holding this claim of appellant to be without merit.

(c)—The appellant contends that the Quorum Court levied the taxes *before* making the appropriations, whereas § 17-409, Ark. Stats., requires the reverse order of procedure. Sub-section 6, Division 8, of said section reads: ''After the appropriations shall have been made, the court shall then levy the county (municipal) and school taxes for the current year . . .'' In the case at bar the appropriations were made at the same session of the Quorum Court at which taxes were levied, but appear in the record to have been *after* the taxes had been levied. No contention is made that the taxes were not levied, but it is contended that the taxes were levied *before,* instead of *after* the appropriations were made. At most, such would be a mere irregularity in the order of business; and even if it could be urged to defeat a tax sale prior to a confirmation decree under Act 119 of 1935 (a

point we do not decide), certainly such irregularity would be cured by a confirmation decree [5] under said act.

We are therefore brought to the validity and sufficiency of the confirmation decree which the State of Arkansas obtained at the November, 1944, term of the Little River Chancery Court confirming the title of the State to the lands here involved. That was Case No. 50 in the Little River Chancery Court. A portion of the decree is in the transcript, and when the attorneys were discussing the decree in the trial of the present case, this occurred:

"Mr. Collins: The decree is at page 313 of the same volume.

"Court: All right. That was the November Term, 1944, Confirmation Suit of 1944. Confirming the taxes for what year?

"Mr. Collins: 1940. It was the 1940 tax suit. We desire to introduce this decree in evidence.

"Court: If there is no objection, let it be introduced.

"Mr. Quinn: No objection."

While the Chancery Clerk was on the witness stand, he testified from the record: ". . . that 1940 suit is number 50."

So it is clear that even though the portion of the decree copied into the transcript fails to state—through apparent oversight—that the decree confirmed the State's title, because of the failure to pay the *1940* taxes, nevertheless, such fact is made clear from the above copied excerpts.[6] The lands forfeited to the State for

[5] In using the expression "cured by the confirmation decree," we necessarily mean: (a) the rendition of the decree, and (b) the lapse of one year without challenge of the decree. See § 84-1325, Ark. Stats.

[6] There was an effort by appellee to bring to this Court by *certiorari* certain papers that were not in fact before the trial court. Under our rules we have necessarily rejected all such papers. Also a typographical error, in some of the exhibits, was mentioned by this Court in the oral argument; and appellee initiated correspondence with appellant in an effort to clear up this error. We have rejected all such correspondence. The error was mentioned in the trial court and impliedly conceded on Pages 39, and following, of the transcript.

the non-payment of the 1940 taxes; and we hold—as did the Chancery Court—that the confirmation decree heretofore referred to cured the irregularity of the challenged Quorum Court proceedings. Such is the effect of our holdings in the cases of *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251; *Faulkner* v. *Binns,* 202 Ark. 457, 151 S. W. 2d 101; and *Stringer* v. *Fulton,* 208 Ark. 894, 188 S. W. 2d 129, and cases there cited.

### *Tract No. 4—NE¼ NW¼ Sec. 36*

L. E. Spence, the common source of title, conveyed to Iverson in 1922, and Iverson conveyed to appellant Bowles in 1947. But the tract forfeited to the State in 1941 for the taxes of 1940; the State obtained a confirmation decree at the November, 1944, term of the Chancery Court, under Act 119 of 1935, and the State sold the tract to appellee in 1945. The same three defects urged against Tracts Nos. 3 and 6 (*supra*) were urged regarding this tract; and our holdings on those questions apply here.

In addition, appellant also claimed this tract under a Road Improvement District deed: that is to say, this tract was in Road Improvement District No. 7 of Little River County,[7] and the Road Improvement District obtained a decree of foreclosure in 1926 for the delinquent assessment of 1924. Then in 1933 the Road Improvement District obtained a deed when the land owner had not effected a redemption; and in 1947 the Commissioners of the Road Improvement District executed a deed to appellant Bowles. He now contends that during the time the title was in the Road Improvement District the land was not subject to forfeiture for State and County taxes. Therefore, he urges that the 1940 tax forfeiture was null and void, and seeks to rely on such cases as *Hubble* v. *Grimes,* 211 Ark. 49, 199 S. W. 2d 313; *Little Red River Levee Dist. No. 2* v. *Moore,* 197 Ark. 945, 126 S. W. 2d 605; and *Baiers* v. *Cammack,* 207 Ark. 827, 182 S. W. 2d 938.

But the vice in the appellant's argument is that in the said adjudicated cases the Districts involved were

---

[7] This District was created by Act 292 of 1919.

Levee Districts or Municipal Districts that had not been taken over by the State; whereas, in the case at bar, Road Improvement District No. 7 of Little River County was a beneficiary of Act 11 of 1927 and Act 153 of 1929, and was therefore taken over by the State. Because of the last mentioned fact the Road Improvement District deed, to Bowles in 1947, is a nullity. The reasons for this statement are fully given in the cases of *Todd* v. *Denton,* 188 Ark. 29, 64 S. W. 2d 331, and *Tri-County Highway Dist.* v. *Taylor,* 184 Ark. 675, 43 S. W. 2d 231. In *Luebke* v. *Holtzendorff,* 204 Ark. 502, 162 S. W. 2d 899, we said of these last two mentioned cases: ''Those opinions were to the effect that since the passage of the Martineau Road Law of 1927 and Act 153 of the Acts of 1929 road improvement districts were without authority to sell lands for the non-payment of delinquent road taxes.'' So we hold—as did the Chancery Court—that the appellant's deed from the Road Improvement District is a nullity and does not give him any right to challenge appellee's tax title.

To summarize: the decree of the Chancery Court is affirmed on direct appeal and is reversed on cross-appeal only as to Tract No. 2, and remanded with directions that such tract be awarded to appellee. This being an equity case, we are free to adjudge the costs as seem equitable: and we decree that the costs of this Court shall be equally paid by appellant and appellee, and that the division of costs made by the trial court be in all things approved.