The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion concerning the annexation of the Mena airport to the City of Mena. You note that the city wishes to annex the municipally operated airport to the city to obtain certain legal and tax advantages, but that residents who live between the airport and the city do not support the annexation.
Your first question is whether the "city" by "petition" can annex only the highway right of way leading to the airport property, and the airport property itself. Your second question asks whether annexation of the highway right of way and the airport property could be accomplished by city ordinance and election of the people. You are concerned that the proposed annexation of just the highway right of way and the airport property would fail to meet the statutory requirement that annexed land be contiguous to the municipality.
It is my opinion that this situation presents a very close question of law. It is my conclusion, however, that a court would in all likelihood hold that this proposed annexation was non-contiguous, and thus contrary to law.
As an initial matter, I feel compelled to clarify some language used in posing your question. You have first asked whether it would be legal for the city to annex the airport into the city limits by petition. If in using the phrase "by petition" you are referring to the petition authorized in A.C.A. 14-40-607, it is my opinion that a city, as a general matter, can annex territory "by petition" under that statute. It, however, requires an election on the issue. If you are referring to the petition authorized in A.C.A. 14-40-601, it is my opinion that that provision authorizes "real estate owners" to petition for annexation, and that this provision cannot be utilized by a city where that city constitutes a majority of the real estate owners in the area to be annexed. A contrary result would allow a city to subvert the requirement of an election on the issue.
Whether the annexation is accomplished pursuant to the authority granted in A.C.A. 14-40-607, which allows the city to petition the county judge after a favorable election, or pursuant to A.C.A.14-40-302, which provides for annexation by city ordinance, and a later election 1, (See A.C.A. 14-40-303), the annexation must be of "contiguous territory". 2 This will be a prospective issue presented in any court challenge to the annexation of the highway right of way and the airport property.
Four Arkansas Supreme Court cases appear most apposite on the question of whether the territory proposed to be annexed would be considered "contiguous". They are Park v. Hardin, Commissioner,203 Ark. 1135, 160 S.W.2d 501 (1942); Clark v. Holt, 218 Ark. 504,237 S.W.2d 483 (1951); Louallen v. Miller, 229 Ark. 679,317 S.W.2d 710 (1958); and Kalb v. City of West Helena, 249 Ark. 1123,463 S.W.2d 368 (1971).
In Park, the court held that the town of Omaha (in Boone County) could not be incorporated so as to include a tract of land a quarter of a mile wide and four miles long stretching to within two miles of the Missouri border, the purpose of which was to take advantage of a border city gasoline tax law. The court there stated that the city's purpose could not be accomplished by "reaching out, lasso-like, to harness space." 203 Ark. at 1137.
In Clark, annexation of a one hundred and eighty acre tract of land, and a fifty foot wide and three thousand sixty foot long strip connecting it to the city of Lead Hill was sought. The court held that the annexation was non-contiguous, noting that the only apparent purpose of the strip was to provide a connecting link with the lands actually sought to be annexed. The court, however, also noted that the strip had not been dedicated for public use, and traversed rough and hilly land. Additionally, the court stated that although a road might be built over it, the cost would be excessive.
In Louallen, the court held that the annexation of property to the city of Bryant was contiguous. The court there found that the fact that the annexed property touched the city for a distance of one hundred and fifty feet was sufficient to meet the "contiguous" requirement.
Finally, in Kalb, the court held that property annexed to the City of West Helena was contiguous, even though the annexation left some islands of unannexed land completely surrounded by the newly annexed city. The court there noted:
Still, contiguity does not require that every point of some boundary of annexed territory be common to it and a municipal boundary. We have resorted to a definition of the word contiguous, when descriptive of two tracts of land, to mean `in close proximity, touching * * * in actual close contact * * * as, contiguous proprietors are those whose lands actually touch' Seligson v. Seegar, 211 Ark. 871, 202 S.W.2d 970. We have held that two tracts which corner are contiguous, because they touch, Clements v. Crawford County Bank, 64 Ark. 7, 40 S.W. 132, 62 Am. St. Rep. 149. In considering the question of contiguity in an annexation case, this court said long ago that we understand contiguous lands to be those not separated from the municipal corporation by outside lands. Vestal v. Little Rock, 54 Ark. 321,15 S.W. 891, 16 S.W. 291, 11 L.R.A. . . . In order for us to say that the territory proposed for annexation was separated from the municipal corporation, it would have to be completely disconnected or detached therefrom by reason of the intervening territory.
249 Ark. at 1124, 1125.
The court also noted that its holding was not contrary to Clark v. Holt, supra, stating:
There, Lead Hill sought to annex a 183 acre tract one-half mile from the corporate limits connected only by a strip 50 feet wide and 3060 feet long not dedicated for public use and traversing terrain rendering its utilization for platting into lots and blocks or for road construction highly impractical, to say the least. We found no evidence of any intent, immediate or prospective, to utilize the strip for development. The only purpose of inclusion of this strip was as a connecting link with the lands actually sought to be annexed. Under these circumstances we could not consider the 182-acre tract contiguous to the town. Obviously, the connecting strip met none of the tests prescribed in Vestal v. Little Rock. . . .
249 Ark. at 1125.
It is apparent that the court in Kalb accepted a narrow definition of "contiguous", defining the term so as to exclude only territory completely disconnected from the municipality. At the same time, however, the court upheld its decision in Clark, a decision which struck down as non-contiguous land which actually was connected at least by 50 feet of land to the municipality. This apparent inconsistency creates a difficult issue when viewed in light of the specific facts of your question. On the one hand, the land sought to be annexed does actually touch the municipality; the highway right of way connects the city with the airport. This fact would seem to bring the annexation within the Kalb definition
On the other hand, the highway right of way is just a connecting strip which connects the city to the real area sought to be annexed; i.e., the airport. This fact appears to be within the Clark prohibition against annexing land by use of a narrow connecting strip. The difference may lie, however, in the use to which the strip can be put. In Clark, the fifty foot strip was essentially useless for city purposes, and the court made much of the fact that it probably could not efficiently be made into a road. Here, however, the narrow strip is already a road, dedicated to the public use. This fact, in my opinion, would weigh in favor of the contiguity of the annexation.
It should be noted, however, that Arkansas, unlike other states, does not have a specific statute authorizing the annexation of a highway property. Your request does not indicate whether the connecting roadway is a state highway or other public road. We do know that the annexation of county roads is contemplated by A.C.A.27-72-316, which transfers the duty to repair an annexed county road to the city. Whether a city may annex property rendered contiguous only by a connecting highway right of way appears to be a novel question in this state. Courts of other states differ on the question, with possibly a slight majority holding against the contiguity of such an annexation. See generally, 49 A.L.R.3d 589, 16 and 17. But cf. City of Wichita Falls v. Bowen, 143 Tex. 45,182 S.W.2d 695 (1944), (annexation of airfield by use of connecting federal highway strip held not to render annexation "void", so as to allow collateral attack.)
We do know as a general matter that "strip annexation" is looked upon with disfavor by the courts. Potvin v. Chubbuck, 76 Idaho 453,284 P.2d 414 (1955); and Mt. Pleasant v. Racine, 24 Wis.2d 41,127 N.W.2d 757 (1964). We also know that roadway annexations in particular are generally held invalid. People ex rel. Cherry Valley Fire Protection Dist. v. Rockford, 122 Ill. App.2d 272,258 N.E.2d 577 (1970). We also have the benefit of Clark v. Holt, supra, an Arkansas case holding "strip annexation" invalid. With all of the foregoing in mind, it appears likely that the annexation contemplated by the city of Mena would not be upheld by a court of competent jurisdiction. It is therefore my opinion that although it is a close question, a court presented with the issue would probably invalidate the annexation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.